Bagot and Others *v.* The State, on the Relation of Dennison.

Principal and Surety.—*Official Bond.*—Where A. was requested to become a surety on a sheriff's official bond by B., a person having no connection with the bond, which was not then present, and A. told B. that the latter might sign the name of the former to the bond, provided that C. and D. first executed it, and, A. never having seen the bond, never having been requested by said sheriff to execute it, and never having had any communication in relation to the bond with said sheriff or any other person, except B., the name of A. was signed by B. to the bond, which was never executed by C. or D.;

*Held,* that A. was not bound as a surety.

Same.—*Sheriff's Return.*—A sheriff's return to an execution, showing the collection of the money thereon, is conclusive upon the sureties on his official bond in a suit on such bond on the relation of the execution-plaintiff for the failure of the officer to pay over such money.

APPEAL from the Ripley Common Pleas.

Frazer, J.—This was a suit upon a sheriff's bond, against the principal and sureties, the breach alleged being the failure of the sheriff to pay the money collected for the relator upon an execution. The appellants severally answered *non est factum* under oath. Other paragraphs of answer of the same character and amounting to the same thing were filed, but, of course, they need not be noticed. The general denial was also pleaded. There was a verdict for the plaintiff, a motion for a new trial overruled, and judgment upon the verdict.

It appeared in evidence that the appellant Walter Bagot never saw the bond, and never executed it in person, and never was requested by the sheriff to execute it; but his name was signed to it by one William Bagot at his request. He then offered to prove that William Bagot, a person having no connection with the bond, applied to him to become surety on the bond, which was not then present; that he told said William that he might sign his name to the bond provided Elias Conwell and James White first executed it, but not otherwise, and that he never had any communication with the sheriff or with any other person except said William relative to said bond. The court refused to admit this evidence, and thereon arises one question which requires our consideration.

The bond sued on in evidence appeared on its face never to have been executed by either Conwell or White, and we are at a loss to conceive the reason by which the court below was guided in excluding the evidence tendered. The appellee aids us with no argument whatever. If it was proper for the appellant Bagot to maintain his defense by any proof, we think that which he offered was admissible, and if credited must have been decisive.

The sureties all offered to prove that the return to the execution, showing the collection of the money, was false, that in fact no money was collected upon it; but this evidence was also rejected. The question which arises upon this ruling is, whether the officer's return was conclusive upon the sureties. Counsel for the appellants, though insisting that this inquiry must be answered in the negative, have been content to cite no authority whatever, and we are not aware of any of that import. We understand the general rule to be, that the return is conclusive, a rule to which there are, however, some exceptions. It is certainly conclusive against the sheriff himself; and if it fixes his liability, it must also bind the sureties, whose liability is coextensive with his. The return binds the relator and prevents him from using further final process to make the amount

of his judgment, which is shown by the return to be satisfied. His claim is lost, unless he has some remedy for the official dereliction of the officer. It might be said that he should have assigned for breach of the bond, that the return was false. But it would be very inconvenient and burdensome to compel the judgment plaintiff to ascertain the fact, and the result would probably be simply that both breaches would, for safety, be assigned in every such suit. So there would be no advantage gained by the sureties in the end. It seems to us quite as well, therefore, that the return should be held to be conclusive upon the sureties. A somewhat similar question was involved in *The State, ex rel., &c.,* v. *Grammer,* 29 Ind. 530. There, however, the report of the officer was not a record, like a sheriff's return, importing verity, and the case was not quite so strong as the one now in hand; but we held that the sureties could not controvert the report which the officer had made in compliance with the requirements of law.

There is some question made on behalf of the appellant as to whether the bond sued on was approved as the law requires in cases of official bonds. It is conceded that it is valid anyhow as a common law obligation, and we have not therefore seen any occasion for an examination as to its sufficiency as a statutory bond.

Judgment against Bagot reversed, with costs, and remanded for a new trial; and against the other appellants affirmed, with costs.

*H. W. Harrington* and *M. K. Rosebrugh,* for appellants.