GASCONADE COUNTY, TO USE OF SCHOOL TOWNSHIP No. 44, RANGE 4, WEST, Respondent, *v.* HENRY SANDERS, IMPLEADED WITH WILLIAM A. MILLER, Appellants.

### PER CURIAM.

1. *County Court — Justice acting as agent — Agency — Fraud may be proved, how.* — In suit by a county on a bond given the County Court for money loaned, the defense will be a good one which charges that one of the county justices, acting as agent for the county, procured the signature of defendant as surety by fraudulent misrepresentations. If the justice assumed to act as agent, and his acts were approved by the court, such approval is a sufficient ratification of his agency; and his agency and fraudulent conduct may both be shown in evidence.

Where, however, the principal on the bond, without the knowledge of the creditor, procures the signature of the surety by such fraud, the latter will not be released, but must seek his remedy against the principal.

### BLISS, Judge, dissenting.

1. *County Court — Agency and sub-agency.* — The County Court is the only agent of the county known to the law, and cannot appoint a sub-agent.
2. If it could, his agency cannot be shown by parol.

### *Appeal from Cole Circuit Court.*

*H. Flanagan,* for appellants.

Where a surety is induced to sign a bond by fraudulent representations that the signature of a co-surety is genuine, he is released. (Pepper v. The State, 22 Ind. 399; The People v. Bostwick, 43 Barb., N. Y., 9; United States v. Lifter, 11 Pet. 86; Pawling v. The United States, 4 Cranch, 219; Johnson *et al.* v. Baker, 6 Eng. Com. Law, 479; Leaf *et al.* v. Gibbs, 4 Carr. & P. 464.)

JANUARY TERM, 1872. **193**

Gasconade County, to use, etc., v. Sanders, impleaded with Miller.

*Lay & Belch*, for respondent.

No fraud on the part of a member of the County Court could be set up to impeach the contract entered into with the court. The powers or duties of the court cannot be delegated to one of its members to transact business out of court. In no sense could Collier be the agent of the County Court. The action of the court is known by its record, and no declaration of Collier outside of court can be set up to affect the action of the court or its records. (8 Mo. 235 ; 12 Mo. 598.) Collier, if agent for any one, was agent for Sanders. He suggested the name of the surety to get, directed him to get the surety to sign, was satisfied with his act, and delivered it unconditionally. Sanders was first in the wrong, and must suffer.

ADAMS, Judge, delivered the opinion of the court.

Gasconade county sued the defendants on a bond executed for the payment of school funds loaned them.

The defendant Sanders, by his separate answer, sets up as a defense, "that about the date mentioned in the petition, one Preston H. Collier was one of the justices of the County Court of Gasconade county, and agent of the county ; that said Collier, on the date last mentioned, falsely representing to said Sanders that said Miller desired to borrow from plaintiff out of the school funds of said township about the sum of three hundred dollars, requested the defendant to sign said Miller's obligation as security ; that this defendant refused to sign it without the name of one Henry Benner as co-surety ; that said Collier then and there agreed to get said Benner to sign said obligation as surety; and this defendant further says that on or about the same day the said Collier returned to this defendant with said obligation in blank, and with the name of said Benner signed thereto as surety, as falsely and fraudulently represented by said Collier, and then and there falsely and fraudulently representing to this defendant that Benner had signed his name to said obligation as surety, and then and there falsely and fraudulently represented to said Sanders that said obligation should only

13—VOL. XLIX.

be filled for three hundred dollars, induced this defendant, relying upon the said representations of the said Collier, to sign said obligation as surety; and this defendant further says and charges that the said representations so made by said Collier were false and fraudulent, and made for the purpose of deceiving and defrauding this defendant; that said loan was not intended for said Miller, but for the benefit of said Collier, who received the same and applied it to his own use; that he could not himself procure said loan in his own name, he being at the time one of the justices of the County Court, but he falsely and fraudulently used said Miller to aid him in said fraud; and this defendant further says and charges that the name of said Benner to said obligation was not written by him nor by his authority, but that the same was falsely and fraudulently written and forged to said obligation by said Collier, for the purpose of deceiving and defrauding this defendant; that said Collier, after said obligation was signed by this defendant, falsely and fraudulently filled up the same for the sum of five hundred dollars, for the purpose of deceiving and defrauding this defendant; and this defendant further says that the obligation so forged and falsely and fraudulently filled up as aforesaid is the obligation mentioned in the petition herein, and upon which the action is brought."

The answer further states that this obligation was presented to the County Court, the said Collier being one of the justices, and was approved by the court; that said Collier was on the bench at the time, and knew the bond was forged and fraudulently filled up, and defendant did not know the said Benner's name was forged.

The plaintiff demurred to the answer, alleging as reasons "that the matter in said answer sets up no defense, counter-claim or set-off; because the petition is for money loaned by the County Court of Gasconade county in their official capacity, and no improper conduct on the part of the justices can be set up as a legal or equitable defense to the payment against this plaintiff; because the acts of the county are only known by its records, and no extraneous facts can be pleaded to bar, contradict or change the records, and there is no record or proffer of record made in this answer; because the answer is wholly insufficient and irrelevant to any issue tendered by plaintiff."

I have quoted almost *verbatim* the answer and demurrer. The case originated in Gasconade county, and was sent to Cole by change of venue.

The court sustained the demurrer to the defendant's answer, and gave final judgment against him for the amount of the school bond and costs.

The answer, in my opinion, sets up a good defense. It is charged that Collier, in taking the bond, was acting as the agent of the county. Whether he was so acting will depend upon the evidence to be adduced upon the trial. The County Court can only act in such matters by agents appointed by it for that purpose. The very fact that the County Court approved this bond, if its record shows that fact, would be evidence that the person who took it was acting as agent. The records may not show that Collier was appointed agent, yet if he did in fact assume to act as such agent, and this bond so taken by him was received and approved by the County Court, and its records show this approval, it seems to me this would be a ratification of his assumed agency; and if this bond was procured from the defendant in the manner detailed in this answer, it ought to be held void as to him.

When the principal in a bond, or other person not acting as agent for the creditor, fraudulently procures the names of sureties to a bond, and the creditor takes the bond and loans his money, without any knowledge of the fraud practiced on the surety, he cannot be made to suffer by such fraud. Their remedy is against the party who defrauded them, and not against the creditor. But that is not this case. Here the agent of the party having control of the school fund is the actor in the fraud, and the defendant's signature is procured by the fraud and forgery of this agent.

We think the defendant is entitled to have his defense tried, and to this end the judgment must be reversed and the cause remanded. Judge Wagner concurs.

SEPARATE OPINION OF JUDGE BLISS.

I think the pleading is bad. Even if the fraudulent acts of the agent for loaning the school fund would vitiate the bond

**196** JEFFERSON CITY.

or discharge the surety, the present defendant should not be discharged, because:

1. The law knows no agent but the County Court. It is itself but the agent of the school townships in loaning their money, and the duty does not involve the necessity of employing another agent.

2. If the court could appoint an agent to transact this business he should be appointed of record, and the pleading alleges no such appointment.

3. The facts recited show that the perpetrator of the fraud was rather the agent of the borrower than of the County Court.

I greatly fear for the security of our school funds if these defenses are allowed.