———o———

THE COUNTY OF LINN AND THE STATE OF MISSOURI for the use of Linn County, Respondents, *vs.* W. C. FARRIS, *et al.*, Appellants.

1. *Bonds—Escrow—Execution of—Principal parties.*—Where A. procured the signature of B. as his surety on a bond, B. signing it on condition that C.'s signature should also be procured to it by A.; but C.'s signature was never procured, but his name was forged on the bond; in a suit by the obligee on the bond, *Held*; that there was no delivery by B., and the bond was void as to him.

2. *Bonds—Creditors—Sureties—Fraud of principal in execution.*—When a principal procures the signatures of sureties to his bond by fraud, of which the creditor is ignorant, the remedy of the sureties is against the principal and not against the creditor.

*Appeal from Linn Circuit Court.*

*A. W. Mullins and G. D. Burgess,* for Appellants.

When one surety has signed a bond on condition that it shall be signed by another before its delivery no obligation is incurred until the condition shall happen, and it may be delivered to the principal in the bond to remain as an escrow, as

well as to any other person. (State, *ex rel.*, Moore vs. Sandusky, *et al.*, 46 Mo., 377; Pepper vs. State, 22 Ind., N. Y., 399; The People vs. Bostwick, 43 Barb., 9; see same case 32 445; Bagot vs. State, 33 Ind., 262 ; Pawling vs. United States, 4 Cranch., 219; Judge Redfield's note to Seely vs. People, 2, Am. L. Reg., N. S. 1862–1863, pp. 346–347; Perry vs. Patterson, 5 Humph., 133; Fletcher vs. Austin, 11 Vermont. 447; Duncan vs. United States, 7 Peters, 435, 447–448; The United States vs. Seffler, 11 Peters, 86.)

*Boardman*, for Respondent.

A paper to be delivered as an escrow must be delivered to a stranger. This is the very definition of an escrow. (1 Bouv. Law Dict., 519.)

ADAMS, Judge, delivered the opinion of the court.

This suit was upon the official bond of the defendant Hoyle as treasurer of Linn County.

David Beals was sued as one of the sureties and died during the progress of the suit, and it was revived against the appellants as his administrators. The administrators set up as a defense in their answer that their intestate, Beals, at the time he signed the bond, expressly agreed with the principal Hoyle that he, Hoyle, was to procure the signatures of Dart, Wright, Leavill, Maddox and Good to the bond, and that he was to retain the bond in his hands as an escrow, not to be delivered at all unless the other parties named also executed it as securities. That Hoyle never did procure the signature of Leavill but that Leavill's name was signed thereto without his knowledge or consent, and that the bond was afterwards delivered to Linn County without the knowledge or consent of their intestate, Beals.

This answer was, on the motion of plaintiff, stricken out, and exceptions were duly saved to this action of the court; and afterwards final judgment was rendered against the appellants for want of answer, from which they have appealed to this court.

The defense set up in this answer amounts to a plea of *non est factum.* To constitute a valid execution of a bond, deliv-

ery with the intention that it shall be the bond of the obligor, is essential. This answer sets up a conditional delivery, not to the obligee, nor to any agent of the obligee, but to the principal in the bond, with the express condition that it was not to be the bond of Beals till the other parties named as sureties should duly execute it. This condition was not complied with in regard to Leavill.

From this answer the name of Leavill seems to have been forged, and as it was one of the conditions of the delivery that all of the named parties should execute it, the omission to procure the genuine signature of Leavill or his assent to its execution, rendered the bond invalid as to the intestate. The true ground is that he has never executed the bond. One essential requisite to its due execution was wanting. An absolute delivery as the bond of the intestate. There was no delivery of this bond as the bond of the intestate.

When a principal, not acting as agent of a creditor, fraudulently procures the execution of a bond by sureties, the remedy of the sureties in such case is against the principal and not the creditor who did not participate in the fraud. But this is not that case. Here there was no valid execution of the bond at all. The delivery was conditional, and it could not become the bond of the surety till this condition was performed. (State, *ex rel.*, Moore vs. Sandusky, *et al.*, 46 Mo., 377; Gasconade County, &c., vs. Sanders, *et al.*, 49 Mo., 192; Briggs vs. Ewart, 51 Mo., 245; Cutter vs. Whittemore, 10 Mass., 442; Pepper vs. State, 22 Ind., 399; Bagot vs. State, 33 Ind., 262; People vs. Bostwick, 43 Barb., 9; same case, 32 N. Y., 445; Pawling vs. United States, 4 Cranch 219; Duncan vs. United States, 7 Peters, 435; United States vs. Leffler, 11 Peters, 86; Seely vs. People, 27 Ills., 175.)

Under this view the judgment must be reversed and the cause remanded. The other judges concur.