## GONZALES v. BARTON.

WILL.—*Rule in Shelley's Case.*—*Statute.*—A testator devised certain real estate to his wife for life, and at her death to be disposed of as follows : " And from and after her decease, I give and devise the same to my adopted son, Morey, for and during his natural life ; and from and after his decease I give and bequeath the same in fee to the lawful issue of said Morey; and if he shall decease without such issue, then I give and bequeath the same in fee to the heirs of said Morey."

*Held*, that at common law the devise to Morey would have created in him an estate tail, according to the rule in Shelley's case, and that, under the statute of this State abolishing estates tail and converting them into estates in fee simple, he took a fee simple estate subject to the life estate of the testator's widow.

From the Floyd Circuit Court.

*A. Dowling,* for appellant.

*M. C. Kerr* and *W. J. Hisey,* for appellee.

DOWNEY, C. J.—This was an action by the appellant against the appellee, to compel the specific performance of a contract in writing for the sale and conveyance in fee simple of certain real estate. The defendant answered that he had only an estate for his life in the real estate, and for that reason asked to be excused from performing his contract, and that it might be rescinded and set aside. The circuit court held that the defendant had but a life estate, and rendered judgment in his favor. This ruling is assigned, in proper form, as error, in this court. The title of the defendant was derived by virtue of the will of one David M. Hale,

deceased. The clause of the will material to the question is as follows: "Also I give and devise to my said wife, Esther Hale, those several parcels of land known as lots numbered five and seven, on Lower High street, and seven, nine, and eleven, on Lower First street, in said town of New Albany, with all the appurtenances thereunto belonging, for and during her natural life; and from and after her decease, I give and devise the same to my adopted son, Morey, for and during his natural life; and from and after his decease, I give and devise the same, in fee to the lawful issue of said Morey; and if he shall decease without such issue, then I give and bequeath the same in fee to the heirs of said Morey."

Esther Hale is dead. The parties by counsel agree that the case turns upon the question whether or not the rule in Shelley's case is to be applied in this case. Does the devise to Morey for life, then to his lawful issue, and in default of such issue to his heirs in fee, give to Morey the fee simple? The rule in Shelley's case has frequently been recognized, and in some instances applied, as a rule of the common law in force in this State. *Andrews* v. *Spurlin*, 35 Ind. 262; *McCray* v. *Lipp*, 35 Ind. 116.

What is the effect of the devise to Morey for life, and after his death to his lawful issue? If the words "lawful issue" are to be regarded as words of purchase, then Morey took only an estate for his life. But if the words "lawful issue" are to be regarded as words of limitation, he took a fee simple. If the question could be regarded as one of intention, there would be no difficulty in coming to the conclusion that in this case it was intended that Morey should take a life estate only. But such is not the rule, as may be seen by reference to the cases cited as having been decided in this court. As this rule is a rule which we obtain as a part of the common law, it is proper to look to the English courts for cases in which the rule has been applied. In *King* v. *Melling*, Vent. 214, the devise was by John Melling, who had issue, Bernard and John, and by his will devised to Ber-

nard for and during his natural life, and after his decease to such issue as he should have of the body of his second wife (his first then being alive), and if no such issue happened, then to John Melling, provided that Bernard might make a jointure to his wife which she should enjoy for her life. Bernard suffered a common recovery, and died without issue by any wife. It was decided in B. R. by a majority of the court that Bernard took only an estate for life. On appeal to the Exchequer, the judgment was reversed, and it was held that Bernard took an estate tail. *King* v. *Melling*, 2 Lev. 58.

In *Roe, ex dem. Dodson*, v. *Grew*, 2 Wils. 322; a devise of land to George Grew for and during the term of his natural life, and from and after his decease to the use of the issue male of his body lawfully to be begotten, and the heirs male of the body of such issue, and for want of such issue male, then to George Dodson, his heirs, and assigns forever, was held to create in George Grew an estate tail.

In *Denn, ex dem. Webb*, v. *Puckey*, 5 T. R. 299, the devise was to A. for life without impeachment of waste, and after his decease to the issue male of his body and to the heirs and assigns of such issue male forever, and for default of such issue male to B., etc., it was held that A. took an estate tail.

In *Frank* v. *Stovin*, 3 East, 548, the same construction was given to the devise where the word "issue" was used.

In *The Attorney General* v. *Bright*, 2 Keen, 57, the testator had given five hundred pounds to S. T., to receive the interest during life, and then to her issue, but in case of her death without issue, the same to be divided between her father's children by his second wife living at the testator's death; and it was adjudged that S. T. took an absolute interest in said sum. See, also, *Shaw* v. *Weigh*, 2 Stra. 798, and Wiley's Plea for Testators, part 1, Rule in Shelley's Case, p. 12. These authorities show that at common law a devise to one for life and after his death to his issue, or issue of his body, created an estate tail. By our statute, estates tail are abolished, and any estate which, according to the

common law, would be adjudged a fee tail, shall be adjudged a fee simple, and if no valid remainder be limited thereon, shall be a fee simple absolute. 1 G. & H. 266, sec. 36. It follows that a devise to one for life, and after his death to his issue, or the issue of his body, in this State, creates in the first taker a fee simple, according to the rule in Shelley's case.

The judgment is reversed, with costs; and the cause is remanded.

PETTIT, J., was absent.