WALKER v. LINN COUNTY, *Appellant.*

1. **Insurance of County Buildings.** The county courts have power to enter into contracts for the insurance of county buildings against fire or lightning.

2. **Appointment of County Agent**: RATIFICATION OF VERBAL APPOINTMENT. Though the law may require the appointment of an agent for the transaction of county business to be made by order of record in the county court, yet a contract made by an agent acting under a mere verbal appointment, if subsequently ratified and approved by an order of record, will notwithstanding the irregularity, be as binding upon the county as if the appointment had been properly made in the first instance.

*Appeal from Linn Circuit Court.* — HON. G. D. BURGESS, Judge.

AFFIRMED.

*Chas. A. Winslow, Geo. W. Easley* and *E. W. Smith* for appellant.

Linn county never authorized the contract to be made. There was no previous order of record appointing Boardman. *Dennison v. St. Louis Co.,* 33 Mo. 168; *Maupin v. Franklin Co.,* 67 Mo. 327. The subsequent order cannot help out this defect. *Johnson v. School District,* 67 Mo. 319. The county court had no power to make the contract. *Carroll v. St. Louis,* 12 Mo. 444; *Wolcott v. Lawrence Co.,* 26 Mo. 272; *Reardon v. St. Louis Co.,* 36 Mo. 555; *Maupin v. Franklin Co.,* 67 Mo. 327; *Dixon v. Livingston Co.,* 70 Mo. 239.

*H. Lander* and *Northcott & Bigger* for respondent.

County courts, under the general powers given them by the statute over the property of the county, have a large discretion in cases where they are not expressly limited. *Hannibal & St. Joseph R. R. Co. v. Marion Co.,* 36 Mo. 303; *Wolcott v. Lawrence Co.,* 26 Mo. 275; *Sparks v. Purdy,* 11

Mo. 222; *Boggs v. Caldwell Co.*, 28 Mo. 586; *Reppy v. Jefferson Co.*, 47 Mo. 66. There is no prohibition against insurance of county buildings. In cases where the statute gives the power, and prescribes the manner of its exercise, such as in erecting public buildings, no departure from the prescribed mode will be allowed. Nor will any act or acts of ratification in such cases validate the contract. *State ex rel. v. Clark Co.*, 41 Mo. 44; *Wolcott v. Lawrence Co.*, 26 Mo. 272; *Hannibal & St. Joseph R. R. Co. v. Marion Co.*, 36 Mo. 303. But in cases where the power is given and no definite mode prescribed for its exercise, the grant of power of itself implies the use of fit and proper means to accomplish the object. *Hannibal & St. Joseph R. R. Co. v. Marion Co.*, 36 Mo. 304. And in this class of cases, if the act done or undertaken be within the power, the doctrine of ratification applies to aid defects or informalities in the manner of its exercise. *Hannibal & St. Joseph R. R. Co. v. Marion Co.*, 36 Mo. 304; *Crawshaw v. Rosebury*, 7 Gray 374; *Gasconade Co. v. Sanders*, 49 Mo. 195; 1 Dillon on Munic. Corp., § 373. Ratification may be inferred from acquiescence after knowledge of the facts, or from acts inconsistent with any other supposition. 1 Dillon on Munic. Corp., § 383, and notes; *Peterson v. The Mayor*, 17 N. Y. 453, 454.

NORTON, J.—This is a suit instituted by plaintiff as assignee of the State Insurance Company on a contract of insurance alleged to have been made by the county of Linn with said company for insurance on the court house and personal property in the county offices. The answer denies the contract and also denies the authority of the county court to make such contract. On trial plaintiff obtained judgment, from which defendant has appealed. The errors assigned are, that the court received improper evidence and refused the instruction asked for by defendant.

The following is the evidence objected to: Carlos Boardman testified: I was presiding justice of the county court in August, 1869; made the application for the in-

surance; was authorized by the Linn county court to make the application. Plaintiff then read the application, as follows: "Application of Carlos Boardman, presiding justice of the county court of county of Linn, State of Missouri, for insurance against fire and lightning by the State Insurance Company, in the sum of $5,000, for the term of five years from the 3rd day of August, 1869, to-wit:" (Here follow the statement of the property to be insured, being the court house and office furniture, valued at $21,000, and all the other formal parts of such application.) It is signed, "C. Boardman, President, applicant County Court for Linn county, Missouri," and dated July 28th, 1869. C. L. Dobson testified that, at the time the application was made, he was agent of the company at Linneus, and received the application from Boardman, and that the first installment was not paid at the time the insurance was made, but in November following.

Plaintiff, for the purpose of showing a ratification of the insurance contract, read the following order of the county court: "In the Linn county court, August term, August 2nd, 1869. Order in relation to insuring court house. Ordered that C. Boardman, presiding justice of the county court, sign the installment notes for the county to State Insurance Company, Hannibal, $450, payable in four equal annual installments from and after August 3rd, 1869, and also sign note to the company for first installment to be paid as soon as money can be obtained for that purpose." Plaintiff then read an order of the court, made November 15th, 1869, directing the treasurer to pay Robert H. Ware, as the assignee of the first installment note, the amount thereof, and ordering the clerk to issue a warrant therefor; also, an order made November 29th, 1870, directing the treasurer to pay Boardman, for the purpose of paying balance due on the court house, the balance in his hands belonging to the county bounty fund and enough out of the county expenditure fund to pay the balance due on the insurance. Plaintiff then read the policy of insur-

ance issued on the application of Boardman to Linn county, and insuring on the usual terms and conditions, the court house and furniture as described in the application. Plaintiff also offered in evidence the premium note executed by Boardman, presiding justice of the county court, on behalf of the county, also a copy of the order appointing him assignee of the company, and the deed of the register in bankruptcy assigning to him the effects of the bankrupt.

The above being all the evidence, defendant asked the court to give the following instruction, viz: That admitting all the evidence to be true, the finding should be for defendant, which was refused. It is insisted by counsel, 1st, That the county court had no power to make the contract sued upon; and, 2nd, That if they had such power, there was no legal evidence showing that it had been exercised so as to bind defendant.

That a county court is invested with such powers only as are expressly conferred upon it by statute, and such as 1. INSURANCE OF may be fairly or necessarily implied from COUNTY BUILD- INGS. those expressly granted, we think cannot be questioned. It, therefore, follows that the question of the power of the county court to bind the county in a contract such as is here sued upon, must be solved by the statute. The statutory provisions bearing upon the subject, are as follows: "County courts shall, moreover, have the control and management of the property, real and personal, belonging to the county." Wag. Stat., 441, § 9. "The county court of each county shall have power, from time to time, to alter, repair or build any county buildings, which have been or may hereafter be erected, as circumstances may require, and the funds of the county may admit; and they shall, moreover, take such measures as shall be necessary to preserve all buildings and property of their county from waste or damage." Wag. Stat., 404, § 17. "County courts may appoint an agent to make any contract on behalf of such county for erecting any county buildings; or for any

other purpose authorized by law; and the contract of such agent duly executed on behalf of such county, shall bind such county." Wag. Stat., 408, § 3.

The duty devolved upon county courts in the foregoing sections of taking such measures as shall be necessary to preserve all buildings and property belonging to a county carries with it the power to bind the county in a contract which, in the exercise of the judgment of the court, may seem to be necessary to consummate the object for which the duty was imposed, and which, in point of fact, tends directly to consummate the object. The contract in question is, we think, of this character, and is, therefore, binding on the county, provided it is shown by the evidence that it was either made, or ratified and approved by the court.

It is insisted that Boardman, who acted as agent of the county in making the application for insurance, not 2. APPOINTMENT OF having been appointed by an order of record, COUNTY AGENT: could not lawfully act as such agent. It may ratification of verbal appointment. be conceded, as is contended by counsel, that the county court, acting for the county in such matters, can only speak through its records, and it may be further conceded that an agent, whose appointment by the county court is authorized by law, can only be appointed by an order of record of such court; yet if it appears that one acting as agent by the mere verbal appointment of the county court makes a contract, which the court through an agent appointed by an order of record could lawfully have made, and such contract so made is subsequently ratified, adopted and approved by an order of such court entered of record, such contract would be as binding on the county as if the authority to make it had in the first instance been deputed to an agent properly appointed. This has been decided in the case of *Gasconade Co. v. Sanders*, 49 Mo. 195. The orders of the county court read in evidence show a ratification of Boardman's acts, and they, as

well as the evidence as to the contract ratified by the court, were properly received in evidence. Judgment affirmed. All concur.