Dear Mr. Skinner:
This letter is in response to your request for an opinion of this office asking:
 1) May Clay County, Missouri, a first class county without a Charter, adopt the Uniform Fire Code as published by the International Conference of Building Officials and the Western Fire Chiefs Association?
 2) If the Uniform Fire Code may not be adopted in its entirety, what portions may Clay County lawfully adopt and enforce?
You have advised us that the Uniform Fire Code, to which you refer, was incorporated by reference in the county court's order purporting to adopt the Code. It is our belief that such an incorporation was improper for the reasons expressed in Att'y Gen. Op. No. 190 to Cantrell dated April 25, 1962, copy enclosed.
Section 64.170, RSMo, to which you refer in the memorandum which you submitted provides:
 For the purpose of promoting the public safety, health and general welfare, to protect life and property and to prevent the construction of fire hazardous buildings, the county court in all counties of the first and second class, as provided by law, is for this purpose empowered to adopt by order or ordinance regulations to control the construction, reconstruction, alteration or repair of any building or structure and any electrical wiring or electrical installation therein, and provide for the issuance of building permits and adopt regulations licensing persons, firms or corporations other than federal, state or local governments, public utilities and their contractors engaged in the business of electrical wiring or installations and provide for the inspection thereof and establish a schedule of permit, license and inspection fees and appoint a building commission to prepare the regulations, as herein provided.
Under this section the county court is empowered to adopt by ordinance regulations to control the construction, reconstruction, alteration or repair of any building or structure and any electrical wiring or electrical installation therein, and provide for the issuance of building permits. It is settled law that a county court is invested with such powers only with reference to the management of the affairs of the property and business of the county as are expressly conferred on it by statute and such as may be fairly implied from those expressly granted. Walker v. Linn County, 72 Mo. 650 (1880).
We note that the Uniform Fire Code goes well beyond the scope of the powers granted the county court under § 64.170. Therefore, it is our view that the county court does not have the authority to adopt the Uniform Fire Code in its entirety.
We are of the view that the county court may adopt certain portions of the Uniform Fire Code, which pertain to the construction, reconstruction, alteration or repair of buildings and electrical wiring or electrical installation therein, by setting out the portions to be adopted at length in the ordinance.
We believe that this answers your questions.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure — Att'y Gen. Op. No. 190, Cantrell, 4/25/1962