INHABITANTS OF PORTER *versus* WILLIAM STANLEY *and others.*

Where the same person was collector of taxes in a town for several successive years, and failed to pay over or account for a portion of the taxes committed to him the first year, moneys collected and paid over by him, arising from the taxes committed in the subsequent years, cannot be appropriated to make up the deficiency of the first year, so as to affect the relative rights and liabilities of the sureties on his several bonds, without their consent.

A settlement made with him by the selectmen, in which such appropriation is attempted to be made, is inequitable and unauthorized, and does not bind the town or the sureties.

Notwithstanding such assumed settlement, an action may be maintained against the sureties of the first year for the balance of that year's commitment remaining unaccounted for.

ON AN AGREED STATEMENT OF FACTS.

This was an action of DEBT on a bond given by William Stanley, as collector of taxes for the town of Porter for the year 1854, with John Stanley, Washington Colcord and Hazen W. Harriman as sureties. The defendants Colcord and Harriman pleaded the general issue, with a brief statement setting forth payment and settlement of the accounts of Stanley for that year.

The plaintiffs introduced William Stanley, the principal defendant, as a witness, who testified that he used for his private business about $300 of the money he collected in

1854, paying a note of his own at a bank, for $250, and other small sums.

The defendants introduced evidence that William Stanley was *treasurer* and collector of the town for the municipal years 1855 and 1856; that in 1854 he did not pay any money to the then treasurer; that after he was chosen treasurer in 1855, the treasurer's book was put into his hands, and remained in his possession until March, 1857.

They then introduced the treasurer's book, on which Stanley was charged, in his own handwriting, with the taxes for 1855 committed to him, $1774,00; cash collected of Meshach Mason on note, Oct. 25, 1855, $14,09; received from the State school fund, $142,00; and on the same page, in the handwriting of David Colcord, "commitment for 1854, $1601,13." These sums were footed up, $3531,22. Then followed this entry: —

"Amount of town orders taken up by William Stanley since March annual town meeting, 1855, to February 27, 1857, the which amount to the sum of three thousand seven hundred fifty-five dollars, sixty-four cents; and we have settled with him as follows: —

| | |
|---|---|
| " Said amount of T. orders, | $3755,64 |
| " Above footing brought down, | 3531,22 |
| | $224,42 |

" Leaving a balance due said Stanley of two hundred and twenty-four dollars 42–100, to be allowed him on his commitment of taxes in the town of Porter, for the year 1856. Said town orders are registered in this book on pages from one to twelve.     "David Colcord,    *Selectmen of* "Tobias Libby, jr., *Porter for* 1856."

In another part of the book, on pages numbered from 1 to 12, inclusive, is a list of town orders, with a certificate signed by the same selectmen, that the amount is $3755,64, and that they are the same allowed on settlement with William Stanley, town treasurer, as having been paid by him.

On the next page, Stanley is charged, in his own handwrit-

ing, with the "commitment for 1856, $1798,99," and credited, in the handwriting of David Colcord, with "Balance due Wm. Stanley on T. orders on settlement with selectmen, Feb. 27, 1857, two hundred twenty-four dollars 42–100, $224,42."

William Stanley, recalled by the plaintiffs, testified that he had taken $1200 or $1300 of the orders on the commitment of 1856; that the selectmen, after footing up the amount, said to him they supposed it would be right to settle the commitments of 1854 and 1855, and apply the balance to the commitment of 1856; that he replied that he did not know whether that would be right, that the selectmen knew best, and he wished them to apply it where it legally belonged, as suits were pending against him on his bonds as collector for 1854 and 1856, and the commitment of 1854 had not been collected by $15 or $20.

The testimony of James French, jr., called by the plaintiffs, tended to corroborate that of Stanley.

The defendants introduced David Colcord, Tobias Libby, jr., and Joseph Stanley, 2d, whose testimony tended to contradict that of William Stanley, as regards the conversation alleged to have been held.

It appeared that there were different sureties on William Stanley's several bonds as collector of taxes for 1854, 1855 and 1856.

*Hammons* and *Gibson*, for the plaintiffs, argued that by the settlement assumed to be made by the selectmen with Stanley, in March, 1857, if they had the right to make it, his sureties as collector for 1854, 5 and 6, would all be discharged, and the deficiency would be thrown on his sureties as treasurer. Or, if they could not do that, the settlement would throw the whole burthen on his sureties as collector for 1856; whereas the proof is, that he had collected but $1300 of the commitment of 1856, and had accounted for all his collections for that year.

The law of appropriations in the case of distinct debts owed by the same debtor, does not apply where there are

sureties to be affected. In applying payments, the principles
of equity are recognized at law, as far as the nature of the
proceedings will admit. *Thompson* v. *Wheeler,* 2 Foster, (N.
H.,) 309; *Upham* v. *Lefavor,* 11 Met., 174, 184; *Livermore*
v. *Claridge,* 33 Maine, 428. Equity requires that the sureties
of 1854 should be held to account for the $300, collected
and used by him in that year; that his sureties as treasurer
for 1855 should account for the $156, received by him in
cash during that year, and his sureties as collector for 1855,
for $620, collected by him in that year and not account-
ed for at the date of the settlement; and that the $1300,
collected by him on the commitment of 1856, should be allow-
ed on that commitment, and not appropriated otherwise.

A debtor cannot appropriate a payment so as to affect the
relative rights or liabilities of his different sureties without
their consent. *Post Master General* v. *Newhall,* Gilpin, 106;
*U. S.* v. *January,* 7 Cranch, 572; *Same case,* 2 Curtis, 673;
*U. S.* v. *Eckford's Ex'rs,* 14 Curtis, 592; *Same case,* 1 How-
ard, 250.

The town cannot be estopped or concluded by any unau-
thorized acts of their agents or officers.

*Ayer* and *Wedgwood,* for Colcord and Harriman.

The opinion of the Court was drawn up by

TENNEY, C. J.— William Stanley was the collector of taxes
of the town of Porter, for the year 1854, and for the faithful
performance of his duty as such, the bond in suit was given.
He was also collector and treasurer of the town for the years
1855 and 1856, and gave bonds, with different sureties from
those on the bond for the year 1854.

As collector for the year 1854, William Stanley received
moneys on the assessment of that year, and a part of the
same he omitted to pay into the treasury, or otherwise ac-
count for, from the collections so made. But on February 27,
1857, as appears by the books of the treasurer, and other
evidence in the case, the selectmen appropriated from moneys

Porter *v.* Stanley.

received on the assessments of the two years, 1855 and 1856, sufficient to balance the deficiency of the year 1854. This does not appear to have been done at the request of William Stanley, or by his consent, any further than, if it was right that it should be so done, he would consent thereto. It does not appear that the sureties on either of the bonds were consulted, or had knowledge of the appropriations, or that either of the bonds were cancelled.

The appropriations so made were manifestly inequitable, as it respects the sureties, and, by the authorities cited for the plaintiffs, cannot be upheld. It is said, in the opinion of the Court in the case of *U. States* v. *January & al.*, 7 Cranch, 572, "It will be generally admitted that moneys arising due and collected subsequently to the execution of the second bond, cannot be applied to the discharge of the first bond, without manifest injury to the surety in the second bond."

It was clearly not the intention, of the selectmen or of William Stanley, that the amount collected by him on the assessment of the year 1854, and not paid, as of the taxes of that year, should be suffered to be a charge against him, without security under any bond. It certainly cannot be covered by the bond of 1855 or by that of 1856. If the sureties on either of the bonds are still liable therefor, it must be those on that for the year 1854. That bond remaining uncancelled, in fact, and the appropriation being made under a misapprehension, this suit is maintainable.

*Defendants defaulted.*

RICE, APPLETON, GOODENOW, DAVIS, and KENT, JJ., concurred.