## BESSINGER *v.* DICKERSON.

1. **Official bond:** JUSTICE OF THE PEACE. A justice of the peace and his sureties are liable upon his bond for notes left with him for collection. But the sureties are not liable for any default occurring before they became sureties if past as well as prospective delinquencies are not covered by the bond.

*Appeal·from Jones District Court.*

FRIDAY, APRIL 13.

THIS is an action brought upon the official bond of a justice of the peace, against J. J. Dickerson, the principal, and various other persons who were his sureties, in the original and additional bond. There was judgment for the plaintiff below, and the defendant appeals.

*J. L. Shean* and *Davis McCain* and *F. S. & John McKean* for the appellant.

*John S. Stacy* for the appellee.

COLE, J. — The plaintiff's claim is based upon a receipt given by the justice of the peace, in his official character, for a long list of notes left with him for collection. The only suggestion argued by appellant's counsel is, as to the liability of sureties for notes thus left with a justice of the peace to be collected by him. We have determined, in the case of *Latham· v. Brown et al.*, 16 Iowa, 118, that the sureties in such case were liable, and a further examination of the question has satisfied us of the correctness of that decision.

1. OFFICIAL BOND; justice of the peace.

As to the sureties in the additional bond, it is clear that they would not be· liable for any default occurring before they became sureties, unless the bond was specially so drawn as to cover the past as well as prospective delinquencies. *The County of Mahaska* v. *Ingalls*, 16 Iowa, 81, and authorities cited on page 86. In this case, the evidence is not before us and it does not appear but that the default occurred after the execution and approval of the additional bond.

Affirmed.