THE STATE, on the relation of VINCENNES TOWNSHIP *v.* GRAMMER and Others.

BILL OF EXCEPTIONS.—Where, on the overruling of a motion for a new trial, time is given "to prepare and file a bill of exceptions herein," objections taken during the trial to the admission of testimony may properly be incorporated in the bill containing the evidence.

TOWNSHIP TRUSTEES.—OFFICIAL BOND.—The statement of the township trustee, in his annual report to the county board, of the amount of money in his hands is conclusive against the trustee and his sureties in a suit on his official bond. Evidence tending to impeach this statement, and to show that the defalcation sued for occurred during a previous term of the officer, is not admissible.

APPEAL from the *Knox* Circuit Court.

GREGORY, C. J.—This is an action on the official bond of *Grammer*, as trustee of the relator, against him and his sureties, for a failure to pay over money in his hands to his successor in office. The defendants answered by the general denial, and another action pending. The sureties answered further that the defalcation occurred during a previous term and under a different bond. A demurrer was sustained to the second paragraph of the answer. The plaintiff moved to strike out the third paragraph, which was overruled. The plaintiff then replied thereto by the general denial. Trial by the court; finding for the defendants; motion for a new trial overruled, and judgment.

On the overruling of the motion, the rendition of judgment, and the prayer for an appeal, the court made this entry on the order book: "And thirty days are allowed the plaintiff to prepare and file a bill of exceptions herein." Within this time, the plaintiff filed the bill of exceptions in the clerk's office of the court below, containing the evidence, objections to the admission of evidence, the action of the court thereon, exceptions thereto, the motion for the new trial, and the overruling thereof. It is claimed that this bill of exceptions, thus filed under the leave given, does not present any question on the admission

of evidence, but we hold otherwise. The exception to the admission of evidence was properly embodied in the bill of exceptions setting forth the evidence.

*Grammer* was elected trustee in *April,* 1863, and was reelected in *April,* 1864, 1865 and 1866. He executed the bond in suit after his election in the latter year. The plaintiff, on the trial, introduced in evidence the official report of *Grammer,* made to the board of commissioners at their *March* session, 1866, in which he stated the balance then in his hands. The defendants introduced *Grammer,* who was asked, if at the time he made the report, in *March,* 1866, he actually had in his hands any of the money which, by said report, purported to be in his hands at the time said report was made. The plaintiff objected to this question, upon the ground that the defendants were estopped from denying the matters contained in said report; and that the report by *Grammer* of the amount of money then in his hands constituted an admission of record, by which the defendants were bound. The court overruled the objection and plaintiff excepted. This was one of the causes assigned for the new trial. One of the errors complained of is the overruling of the motion for a new trial. This fairly presents the question as to whether this ruling was erroneous. We think the appellees have no ground to complain of the abstract. And although it is not as full as it ought to be in setting out the motion for a new trial, yet the defect is not such as will justify us in setting aside the submission.

The act of *February* 18, 1859, relating to township business, provides that " the township trustee shall, annually, on the last *Saturday* in *February,* settle with and audit the accounts of supervisors of roads in his township, and shall, within five days thereafter, make to the board of county commissioners a complete report of the receipts and expenditures of his township during the preceding year; which report shall clearly exhibit the amount received and expended on account of township, road, school and other pur-

poses, as well as the proper balance remaining on hand; and he shall, within ten days thereafter, record at length a copy of such report in the township record, and publish the same by posting up a certified copy thereof at the place or places of holding elections." 1 G. & H., § 11, p. 638.

The bond in suit was executed with reference to the matters set forth in this report. The sureties had the means of knowing the state of the account thus made a matter of record. They assumed their liability in view of it. The question now is, ought these sureties to be allowed to prove that this report was false? The only knowledge the public could have as to "the balance remaining on hand" was derived from this source. The fact that the money was on hand at the time and not wrongfully converted, as against *Grammer* and his sureties, ought to be conclusively settled by this report. Any other ruling would open the door to great frauds on the public. In this case, *Grammer* was first elected in *April*, 1863, and continued in office until after the *April* election of 1867, a period of four years. By placing the defalcation in his first year, his sureties for 1866 would be protected, and the statute of limitations would shield his sureties on his first bond. It is true, that the sureties of a public officer, in the absence of special agreement, are only liable for a defalcation of their principal during the term of office covered by the bond, but what shall be received as proof of such defalcation is quite another question.

In a well considered case, *Baker, Treasurer, &c.,* v. *Preston et al.,* Gilmer (Va.) 235, it was held, in a proceeding against a defaulting treasurer and his sureties, that the books kept by the treasurer were conclusive evidence of the balance actually in the treasury at any given time, both against the treasurer and his sureties, without being pleaded as an estoppel, so as to charge them with balances carried forward from year to year, as if those balances were actually on hand. We regard the reasoning in that case en-

tirely satisfactory, and we know of no case holding a contrary doctrine.

The third paragraph of the answer amounted to the general denial, and ought to have been rejected on motion, but if this was the only error committed by the court below, the judgment would not be reversed, as the overruling of the motion was no injury to the appellant.

These are the only questions properly presented by the record. There are some other questions argued.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*W. E. Niblack* and *W. H. De Wolf*, for appellant.

*N. F. Malott* and *T. R. Cobb*, for appellees.