## THE STATE, EX REL. WAYNE TOWNSHIP, *v.* PRATHER ET AL.

TOWNSHIP TRUSTEE.—*Conclusiveness of Official Report.*—In a suit against an ex-township trustee and his sureties on his official bond, to recover an alleged balance in his hands, it is a sufficient answer that he settled with his successor, and that the latter, in his next official report to the board of county commissioners, charged himself with such balance as received from his predecessor. Such report is conclusive evidence that the outgoing trustee paid to his successor the sum stated in the report of the latter.

SAME.—*Fraud.*—A reply setting up that the defendant did not in fact pay said money to his successor, but fraudulently procured the latter to charge himself with it, on the promise that it should immediately be paid to him, is bad. Fraud can only be predicated of an existing or an alleged existing fact, and not on a promise to be complied with in future.

From the Bartholomew Circuit Court.

*F. T. Hord*, for appellant.

*R. Hill, G. W. Richardson*, and *S. Stansifer*, for appellee.

PETTIT, J.—This was an action against Prather as trustee of Wayne township, and his sureties, on his official bond, charging that he had failed to pay over to his successor in office, Herman H. Valhowe, some two thousand six hundred dollars of public funds that were in his hands, as trustee, when he retired from said office. The defendants answered in five paragraphs. The first paragraph is as follows:

"1. That said plaintiff ought not to have or maintain this action, because they say that after said Valhowe was elected and qualified as trustee of said township, to wit, on the 14th day of March, 1871, he made to the board of county commissioners of said county his complete report of his receipts and expenditures, as such trustee, during the preceding year, containing an exhibit of the amount received and expended, on account of township, road, school, and other purposes, as well as the proper balance of moneys remaining on hand. A copy of said report is filed herewith, and in said report said Valhowe charged himself with all the moneys that were in said Prather's hands when said Valhowe succeeded him as such trustee, and with the same moneys sued for in said complaint."

A demurrer to this paragraph was overruled, and the case went off on the demurrer.

The act of February 18th, 1859, relating to township business, provides, that "the township trustee shall, annually, on the last Saturday in February, settle with and audit the accounts of supervisors of roads in his township, and shall within five days thereafter, make to the board of county commissioners, a complete report of the receipts and expenditures of his township during the preceding year, which report shall clearly exhibit the amount received and expended on account of township, road, school and other purposes, as well as the proper balance remaining on hand." 1 G. & H. 638, sec. 11.

The report filed with the answer is in all respects a full compliance with the law, covering the amounts in Prather's hands on the 1st of March, 1870, and received by him in June, 1870, and showing the balance remaining on hand.

A demurrer for want of sufficient facts was sustained to the third, fourth, and fifth, and overruled as to first and second paragraphs of the answer; and the first question for us to determine is, was the first paragraph of the answer above set out sufficient?

The counsel for the appellees say, "that since Valhowe retired from the office, he and his sureties have been sued for the money thus reported by him in his hands as the successor of Prather, but which in fact had not been paid by Prather to Valhowe, and that the court held that Valhowe and sureties were liable and precluded by the report of Valhowe." And the counsel add: "So that, with the two cases, the effect of the report, in all its scope and bearings, will come before the court." The case of Valhowe and sureties is not before us in this case by any means known to the law, but only by a statement in a brief. We cannot act or rule upon any such statement. The case of *The State, ex rel., etc.,* v. *Grammer,* 29 Ind. 530, is directly in point as to the validity of this first paragraph of the answer; and if the law is properly announced in that case, then we must hold that the first

paragraph of the answer above set out was good, and that the demurrer to it was properly overruled. It is true that the appellant has cited cases which seem to contravene this ruling, but we prefer to follow the rulings of this court on these domestic questions.

The second paragraph of the answer only differs from the first by asserting and averring that Prather, as the outgoing trustee, and Valhowe, as his successor, had a settlement and adjustment, as such outgoing and incoming trustees, wherein and whereby said Prather fully, and to the satisfaction of said Valhowe, accounted for and adjusted all matters between them pertaining to said office, and then avers the making of a report by Valhowe to the board of county commissioners, as stated in the first paragraph of the answer, wherein he charged himself with the money now supposed and charged to be in the hands of Prather. This makes no substantial difference between this and the first paragraph of the answer, and as we have held that good, we must hold this good also.

The second paragraph of the reply to these paragraphs of the answer was as follows:

" Plaintiff, for further reply, says that after Herman H. Valhowe was elected trustee, said Prather had a settlement with him, wherein it was ascertained that he was owing said township the amounts claimed in said complaint herein, and Prather corruptly and fraudulently represented to said Valhowe, trustee, that he would pay him said money, and that Valhowe as trustee should report said money to the board of commissioners, and that he, Prather, would immediately pay the same; and Valhowe relying on said false and fraudulent statement, and believing he would immediately pay the same as represented by said Prather, said Valhowe did report said money on hand; that said Prather did not pay said money to said Valhowe as trustee or to plaintiff, or any portion thereof, and has in no way provided for the same. The said report was fraudulently procured by said Prather as aforesaid; wherefore plaintiff demands judgment."

There was a demurrer for want of sufficient facts properly sustained to this reply. It attempts to set up fraud by statements as to what should or would be done hereafter. This is palpably bad. Fraud can only be predicated on an existing or an alleged existing fact, and not on a promise to be complied with in the future. See *Fouty* v. *Fouty*, 34 Ind. 433, and cases there cited.

We have now disposed of all the questions raised or presented by the appellants. The appellees have assigned what they call a cross error in this form: "The court below erred in overruling appellees' demurrer to the third, fourth, and fifth paragraphs of their answer respectively."

This is an assignment of error by the appellees for a ruling in their favor, which cannot be done, and we cannot give it any countenance or consideration.

We might write a disquisition on the blundering awkwardness of the transcript, its imperfections, and irregularities, but we forbear to do so.

The judgment is affirmed, at the costs of the appellants.
*Petition for a rehearing overruled.*