Lowry v. The State, ex rel. Hull.

———◆———

LOWRY v. THE STATE, EX REL. HULL.

GUARDIAN AND WARD.—*Conversion.*—A guardian who uses money belonging to his ward in his own business, or who, for his own use, sells, barters or assigns a chose in action belonging to his ward, is liable on his bond, for conversion.

SAME.—*Conversion of Proceeds of Real Estate.—Liability.—Bond.*—Where the assets converted by a guardian are the proceeds of a sale made by him, by order of court, of his ward's real estate, the action should be brought on the additional bond executed in the proceeding to sell the realty.

SAME.—*New Bond.—Surety.*—The liability of a surety on a new bond, executed by a guardian after a conversion of his ward's estate, is only prospective.

SAME.—*Bond Executed Without Assets on Hand.—Report.—Estoppel.—Cases Overruled.*—Where, on the execution of such new bond, the guardian, as such, has in fact no assets, such surety is not liable, though the guardian then and subsequently charge himself, in his reports to the court, as with assets on hand. *The State, ex rel., etc.,* v. *Grammer,* 29 Ind. 530, *Bagot* v.

*The State, ex rel., etc.,* 33 Ind. 262, *Wilmer* v. *The State, ex rel., etc.,* 44 Ind. 223, and *The State, ex rel., etc.,* v. *Prather,* 44 Ind. 287, are overruled on this point.

From the Marion Circuit Court.

*L. M. Campbell, E. F. Ritter, L. C. Walker* and *L. Ritter,* for appellant.

*D. V. Burns, H Burns, B. F. Claypool* and *J. H. Claypool,* for appellee.

NIBLACK, J.—This was an action by the State, on the relation of John W. Hull, guardian of Fannie Hull and Jennie Hull, minor heirs of Mary E. Hull, deceased, against Oscar H. Hull and William J. Lowry, on a guardian's bond.

The defendant Oscar H. Hull made default, and Lowry answered in general denial.

Issue being thus joined, the cause was submitted to the court for trial, and, at the request of the defendant Lowry, the court made a special finding of the facts. So much of the special finding as is material for our consideration here, with the conclusions of law thereon, was substantially as follows:

"On the 25th day of April, 1865, the defendant Oscar H. Hull was appointed by the court of common pleas of Hendricks county as the guardian of Fannie Hull and Jennie Hull, who are his own children, and who were aged respectively, at said date, five and three years, at which time the said guardian executed his bond in the penal sum of $600.00, with one Oliver W. Hill as his surety. Under this appointment said guardian received $50.00 worth of personal property belonging to his wards, consisting of household goods which had belonged to their mother, then deceased, and which has never been sold, but has been retained by him and used by said wards, and is now in his possession, and subject to the order and control of the present relator and guardian.

" Afterward, at the May term, 1865, of the court of common pleas of Hendricks county, said guardian filed his petition in said court to sell the real estate of his wards, and was duly ordered and authorized to sell the same, at which time he executed a bond to the State of Indiana, in the penal sum of $3,300, with William G. Parker as his security, conditioned for the faithful discharge of the duties of his trust according to law in that behalf, which bond was duly approved by the court, and on the same day said guardian reported to the court that he had sold, pursuant to the order of said court, the real estate of his wards, to William W. Irons, for the sum of $1,648.14, $500 of which was received in cash, and for the balance of which he took a note of the purchaser, without security, due December 25th, 1865; that of the $500 received in cash said guardian appropriated to his own use $300, at the time of its receipt, and used the $200 remaining, for the benefit of his wards, for which he afterward filed vouchers that were approved by the court.

"The note taken for the deferred payment on the real estate was traded and assigned by said guardian, before it became due, to William G. Parker, who was his surety, in part payment for an interest in a stock of goods which was bought by said guardian for his own use, and not for the benefit of his wards. The goods were afterward resold to said Parker, but were never paid for by him, he, said Parker, afterward becoming insolvent and dying so, being indebted to said guardian at the time of his death in the sum of $3,100, which was reduced to a judgment and a decree of foreclosure of a mortgage in the Hendricks Circuit Court, in favor of said defendant Hull and against said William G. Parker, on the 23d day of May, 1873, which judgment remains unpaid, and is of no value, the mortgaged premises being at the time encumbered to their full value, by older and paramount liens.

"The court further finds that said guardian received no other money or property of his wards, from any other source than as above set out.

"On the 3d day of January, 1867, Oliver W. Hill, security on the original guardian's bond, filed his application to be released, and on the 22d day of January, 1867, said guardian, Oscar H. Hull, executed another bond, with William G. Parker as his security, in the penal sum of $4,500, conditioned for the faithful discharge of his duties as such guardian.

"On the 18th day of January, 1870, said Oscar H. Hull and said Lowry executed the bond now sued upon, in the penal sum of $4,000. This was done voluntarily, without any order of court, either directing it to be done or releasing the security, William G. Parker, on the bond previously given.

"On the 19th day of January, 1870, said guardian made a report to the proper court, in which he acknowledged that he was indebted to his wards in the sum of $2,734.53, which report was approved by the court, and which was placed on the files and remains there still. On the 19th day of January, 1872, said Oscar H. Hull again reported to the proper court that he was indebted to his wards in the sum of $2,982.53. On the 1st day of May, 1874, said guardian filed in the Hendricks Circuit Court his report No. 4, in which he acknowledged himself to be indebted to his wards in the sum of $3,557.67. .

" At the time of making these several reports, said guardian had not, in fact, any money of his wards' in his hands or under his control, nor has he received, nor did he receive, any money or property of said wards' subsequent to the execution of the bond by said guardian and William J. Lowry, on the 18th day of January, 1870; * * * that said guardian was able, and did possess sufficient property or means, to properly maintain and support said wards with-

out the use of their own means; that, upon a full accounting between said guardian and his said wards at this, date, there would be a balance due said wards, from said guardian, of $4,761.93; that, on the 23d day of January, 1877, said Oscar H. Hull tendered his resignation, as guardian, to the said Hendricks Circuit Court, which was accepted, and the relator, John W. Hull, was appointed his successor in said trust. * * *

" It is further found that said Hull, on the day he gave the bond sued on, and before it was given, to wit, January 19th, 1870, made a settlement with the proper court, in which he accounted for, and acknowledged to be in his hands, and owing to his said wards, the sum of $2,684.53; that afterward, to wit, on the 25th day of January, 1872, he made a further settlement, charging himself with the sum of $2,932.53, due to his said wards, and, on further settlement with said court, made April 18th, 1874, he acknowledged his indebtedness to said wards to be $3,557.67.

" These are the facts, as I find them from the evidence; and the conclusions of law to which I come from them are, that the plaintiff is entitled to recover from the defendant Oscar H. Hull the said sum of forty-seven hundred and sixty-one dollars and ninety-three cents, and from the said defendant Lowry the sum of four thousand dollars, and judgment is therefore accordingly rendered. And the defendant Lowry now excepts to the conclusions of law drawn by the court from the facts found."

Over the exceptions of Lowry, as to the conclusions of law drawn by the court as above set forth, the court rendered a judgment against the defendant Hull for the sum of four thousand seven hundred and sixty-one dollars and ninety-three cents, and against the said Lowry for the sum of four thousand dollars, with costs in both cases.

Lowry has appealed to this court, and assigned error

upon the conclusions of law drawn by the court below from the facts found, as above stated.

There is some confusion in the statement of the facts as set out in the special finding, owing apparently to a want of care in the attempted repetition of some of the facts thus set out, but enough is distinctly shown by the special finding to make it evident that the defendant Hull, during the year 1865, converted to his own use the entire proceeds of the sale of his wards' real estate, except two hundred dollars paid out by him for the benefit of said wards, upon proper vouchers afterward approved by the court.

The use by the guardian of the money of his wards in his own business is a conversion of such money to his own use, for which he becomes liable on his bond. The selling, bartering or assigning away the property, including choses in action, of the wards, by the guardian, for his own use, is equally a conversion of the assets of his wards, for which he is also liable on his bond. *The State, ex rel., etc., v. Sanders,* 62 Ind. 562; and *Bevis v. Heflin,* 63 Ind. 129.

The assets converted in this case, being the proceeds of real estate, it was only the additional bond given to secure such proceeds that was forfeited by such conversion. *Colburn v. The State, ex rel., etc.,* 47 Ind. 310; *Shook v. The State, ex rel., etc.,* 53 Ind. 403; *Hunt v. The State, ex rel., etc.,* 53 Ind. 321, 325.

Where a guardian has converted the assets of his wards to his own use, redress must be sought, if on any bond, upon his bond in force at the time of the conversion. *The State, ex rel., etc., v. Sanders, supra.*

Where a new bond is given in place of the original bond, the liability on such new bond is prospective only. *The State, ex rel., etc., v. Page,* 63 Ind. 209.

It is also shown by the special finding, that, at the time the bond sued on was executed, the defendant Hull had no

assets in his hands belonging to his wards, and that no such assets came afterward into his hands. But it is objected that Lowry is estopped from going behind the several reports made by the defendant Hull, as guardian, and inquiring into the real condition, from time to time, of the assets which had come into his, said Hull's, hands, as such guardian, and this objection is apparently sustained by the cases of *The State, ex rel., etc.,* v. *Grammer,* 29 Ind. 530, *Bagot* v. *The State, ex rel., etc.,* 33 Ind. 262, *Wilmer* v. *The State, ex rel., etc.,* 44 Ind. 223, and *The State, ex rel., etc.,* v. *Prather,* 44 Ind. 287. But these cases are not, in our opinion, supported by the weight of authority, in their application to the question involved, and, upon full consideration, we have come to the conclusion, that so much of these cases as can be construed as sustaining the objection urged, as above, must be overruled.

Upon the facts shown by the special finding, we have no difficulty in deciding that the court erred in holding that a cause of action had been made out against Lowry, and in rendering judgment against him accordingly.

The judgment against the appellant, Lowry, is reversed, with costs, and the cause remanded, with instructions to the court below to render judgment in his favor upon its finding of the facts.

Petition for a rehearing overruled.