### OHNING ET AL. *v.* THE CITY OF EVANSVILLE.

CITY TREASURER.—*Action on Bond of Defaulting Treasurer.—Sureties not Estopped by Entries of Principal.*—The entries made by a city treasurer in the books kept for that purpose, purporting to be a statement of the funds of the city on hand at the close of a preceding and the beginning of a new term, are not conclusive upon, but may be contradicted by, his sureties, in an action against the treasurer and his sureties on his official bond, executed by them at the commencement of the new term. *The State, ex rel.,* v. *Grammer,* 29 Ind. 530, and *The State, ex rel.,* v. *Prather,* 44 Ind. 287, overruled.

From the Vanderburgh Circuit Court.

*C. Denby* and *D. B. Kumler,* for appellants.

*J. E. Williamson, A. Gilchrist* and *C. H. Butterfield,* for appellee.

PERKINS, J.—In *Baker* v. *Preston,* Gilmer (Va.), 235, the following, among other points, was decided, viz. :

" The books kept by the treasurer, are conclusive evidence of the balance actually in the treasury at any given time, both against the treasurer, and his sureties, without being pleaded as an estoppel, so as to charge them with balances carried forward from year to year, as if those balances were actually on hand."

The above proposition was held to be law, in *The State, ex rel.,* v. *Grammer,* 29 Ind. 530, and the latter case was decided upon *Baker* v. *Preston, supra. The State, ex rel.,* v. *Prather,* 44 Ind. 287, followed *The State, ex rel.,* v. *Grammer, supra;* and the Vanderburgh Circuit Court, in the case at bar, followed said preceding cases.

*Baker* v. *Preston, supra,* was decided in 1821, and, on the point above mentioned, has been overruled in Virginia by the following cases : *Munford* v. *The Overseers, etc.,* 2 Rand. 313, decided in 1824 ; *Jacobs* v. *Hill,* 2 Leigh, 393, decided in 1830 ; *Craddock* v. *Turner's Adm'x,* 6 Leigh, 116, decided in 1835 ; *Crawford* v. *Turk,* 24 Grat. 176, decided in 1874; and denied to be law, in an elaborate

opinion by LEWIS C. J., speaking for the court, in *The State of Nevada* v. *Rhoades*, 6 Nev. 352, in which opinion he says of *Baker* v. *Preston :* "This very singular decision is not relied on by counsel for the State, (although sustaining the ruling of the court below on this point) perhaps for the reason that they do not consider it law. * . * * The case, indeed, stands alone, and is at variance with all the cases we have been able to consult, both American and English. We cannot, therefore, rely upon it as authority here."

In *Crawford* v. *Turk, supra,* MONCURE, President of the Court of Appeals, in delivering the unanimous opinion of that court, in noticing the case of *Munford* v. *The Overseers, etc., supra,* said :

"In that case it was held that a judgment against a principal in a bond is not conclusive evidence against his sureties. It was an action of debt brought in the name of the Governor of Virginia, for the benefit of the overseers of the poor of Nottoway county, against Munford and others, on a bond given by said Munford, for the faithful discharge of his duties as sheriff, with the other defendants as his sureties. The only question in the case was, whether a judgment which had been recovered by the overseers against the sheriff as collector of the poor rates of the county, was conclusive evidence that the sheriff had been appointed to collect them and precluded and estopped the sureties from giving any evidence going to contradict that fact. It was admitted that the judgment was conclusive of that fact against the sheriff, or rather would have been conclusive of it in a separate action brought against him ; but whether it was conclusive in an action against the sureties, or even in an action brought against the sheriff and his sureties jointly, was the question. 'The question how far sureties,' says Judge GREEN in delivering his opinion in the case, 'are bound by a judgment or other

evidence against their principal, which estops or concludes him, has never, as far as I am informed, been settled in this court, except in the case of *Baker* v. *Preston and others,* Gilm. 235, decided in a special court. In that case it was decided that the treasury books kept by Preston were conclusive evidence against him, and estopped him from giving any evidence to contradict them, and that his sureties were, in like manner, estopped and concluded. The court argued that if a judgment against the principal would conclude his sureties, so ought the evidence on which such judgment is rendered to conclude them.' But Judge GREEN proceeded to show that the cases relied on by the special court did not sustain it and after reviewing the authorities on the subject, he concludes: ' I think, therefore, that the question is still open, whether a judgment against the principal is conclusive evidence against the sureties or not.' He then proceeds to give his views upon the question thus: ' The general rule is that verdicts and judgments bind conclusively parties and privies; because privies in blood, in estate, and in law claim under the person against whom the judgment is rendered; and they claiming his rights, are, of course, bound as he is. But as to all others, they are not conclusively binding; because it is unjust to bind a party by any proceeding in which he had no opportunity of making a defence, of offering evidence, of cross-examining witnesses, or appealing, if he was dissatisfied with the judgment; and this is called by the court in *Bourke* v. *Granberry,* " a golden rule," Gilm. 16, 25. Sureties and joint contractors do not claim to any purpose under their principal, or under each other.' " Freeman Judgments, 2d ed., sec. 180.

" ' There are cases,' the Judge then proceeds to say, ' in which those who are not parties to the suit, and do not claim under either of the parties, may be bound by the judgment, as in the cases of contracts of indemnity, and in the

nature of contracts of indemnity, and in those cases which
a person, although not in form a party to the suit, is bound
to assist in the prosecution or defence, and either does so
in fact, or, having notice of the pendency of the suit, fails
to do so.   But these cases do not come within the prin-
ciple or reason of the general rule aforesaid ; and the
case of principal and surety, so far as it relates to the effect
upon the sureties, of a judgment against the principal, does
not come within the reason of this latter class of cases.'"

President MONCURE proceeds :

" Now the case we have under consideration falls under
the latter class, and not under the general rule referred to
by Judge GREEN ; and what he says tends, therefore, to sus-
tain the view that the judgment in this case was conclusive
against the sureties as well as against the deputy.   Their
bond is a bond of indemnity within the meaning of the class
of cases referred to, and the deputy was a person, in the
meaning of those cases, who, although not in form a party
to the action against the sheriff, was bound to assist in
defence of the same and did so in fact."   Freeman
Judgments, chap. 9, sec. 181.

A judgment against the treasurer alone would not have
been conclusive against the sureties, much less were his
entries in his book of accounts.

The case at bar is that of a suit against the city treas-
urer of the City of Evansville, Ind., and his sureties, upon
his official bond as such, in the usual form, prospective in its
terms, executed at the commencement of his last term as
such treasurer, in May, 1875.   It was conditioned thus:
" If the said Charles Ohning shall diligently and faith-
fully discharge the duties of his said office during his con-
tinuance therein, and pay over to said city, or to the per-
son or persons authorized to receive the same, all moneys
or funds belonging to said city which may come into his
hands, and deliver to his successor all books, papers," etc.

The condition was not that he should pay all amounts for which he might suffer the city to obtain judgment against him.

" That new sureties are not responsible for prior defalcations, unless the condition of the new obligation shall embrace them, is a principle which has frequently been decided by the courts."

*Farrar* v. *The United States*, 5 Pet. 373; *The United States* v. *Boyd*, 15 Pet. 187; *The United States* v. *Linn*, 1 How. 104; *Myers* v. *The United States*, 1 McLean, 493; *The Postmaster General* v. *Norvell*, Gilpin, 106; *The County of Mahaska* v. *Ingalls*, 16 Iowa, 51; *Bessinger* v. *Dickerson*, 20 Iowa, 260; *Inhabitants, etc.,* v. *Stanley*, 47 Me. 515; *Inhabitants, etc.,* v. *Randall*, 105 Mass. 295; *Lowry* v. *The State, ex rel.,* 64 Ind. 421; *The State, ex rel.,* v. *Hauser*, 63 Ind. 155.

It is a familiar principle, that " The obligation of a surety is a matter of strict law, and can never arise from implication. The bond must speak for itself, and its language can never be extended or altered, to the injury of the surety." *Myers* v. *The United States, supra.* " It would be a violation of this elementary principle to hold the sureties on the last bond liable for the defaults of the first as well as the second term." *Vivian* v. *Otis*, 24 Wis. 518.

In the case at bar, the sureties had a right to make any defence they could have interposed had the suit been against them alone.

The court gave the following instructions to the jury:

" The defendants, the sureties, deny the complaint, and rely upon the fact, that, as they allege, the balance not paid over was not in fact received during the term of office covered by the bond, but that the same was received by Ohning in a former term, and simply brought over, as a balance upon the books. The evidence tends to show that by the books of the defendant Ohning, as treasurer, there

was, at the close of his term, a balance of somewhere near four thousand dollars in orders, and a few hundred dollars in cash, and that he has failed to pay the same to his successor.

" The court also permitted the defendants to prove, over objection, that the money and orders were received before the bond in suit was executed; but you are now instructed to disregard this testimony, in the consideration of the case, and to consider the case as though this evidence had not been given.

" The proposition upon which the defence is based looks plausible, and has a show of equity and justice. But public policy requires that public officers shall be held to a strict accountability in their discharge of public duty, and especially in their dealings with the public money. Hence, when a public officer makes entries in his official books, both he and his sureties are concluded by them."

The sureties, defendants, asked the court to instruct the jury thus :

" If the jury believe from the evidence, that Charles Ohning has fully and completely accounted for all the city orders received by him since the execution and delivery of the bond sued on, and has paid to the city all sums of money received by him since the execution and delivery of said bond, then, under the issues in this case, the jury should find a verdict for the sureties in said bond."

This instruction was refused. Proper exceptions to the giving and refusing of the foregoing instructions were reserved.

If the doctrine be established, that a public treasurer can conclusively bind his sureties by entries in his book, then, we may remark, whenever he holds the office for successive terms, he can, at will, select the sureties upon whom he will saddle the burden of his defalcations.

We have, we think, shown that upon a prospective bond, the sureties therein can not legally nor justly be held liable for the defalcation of their principal which' occurred during a prior term of his office and the existence of a prior bond; and, also, that the entries in the books of such treasurer, by the law as everywhere held except in Indiana, are not conclusive upon the sureties.

It logically follows that it is erroneous to exclude evidence offered by the sureties upon a trial of a suit, such as was the present, from the consideration of the jury, tending to· show such entries erroneous. *Thomas* v. *Hubbell*, 15 N. Y. 405; S. C., 35 N. Y. 120.

The cases of *The State, ex rel.*, v. *Grammer*, 29 Ind. 530, and *The State, ex rel.*, v. *Prather*, 44 Ind. 287, and other cases following them, on the point decided in the present. case, are overruled.

We have not set out the pleadings in the cause, nor the. rulings during the progress of the trial. We have presented the main legal question upon which the decision. of the cause now and hereafter must turn.

The judgment below is reversed, with costs, and cause remanded for further proceedings in accordance with this' opinion.