No. 8744.

THE STATE, EX REL. MANCHESTER SCHOOL TOWNSHIP, *v.* HAYNES.

TOWNSHIP TRUSTEE.—*Receipt.*—*Deficit.*—*Defalcation.*—An incoming township trustee can not absolve his predecessor from liability for money in his hands, so as to prevent the township from maintaining an action for it, by falsely charging himself with such funds and by falsely receipting to his predecessor for the amount of his deficit.

The State, *ex rel.* Manchester School Township, *v.* Haynes.

SAME.—*Settlement.—Fraud.—Receipt.*—In such case, an alleged settlement of his deficit with the board of commissioners, by the use of a receipt procured from his successor by a gross and inexcusable fraud, constitutes no defence against an action by the township.

SAME.—*Sureties.—Township.*—A township trustee can not bind his sureties, or conclude the township, for money not actually received from his predecessor, but receipted for to him upon his representation that it was a long standing deficit and had been receipted for as such by himself and his predecessors. *Query.*—In such case, is the incoming trustee himself concluded by his false receipt fraudulently procured, and by his report to the board of commissioners charging himself with the amount?

From the Dearborn Circuit Court.

*H. D. McMullen, D. T. Downey* and *M. A. Spooner,* for appellant.

NEWCOMB, C.—The complaint alleged that the appellee was the trustee of Manchester township, Dearborn county, Indiana, from October ——, 1870, to October 18th, 1872; that as such trustee he received from his predecessor in office, and from the treasurer of said county, divers sums of money belonging to said school township; that a part of said money, to wit, the sum of four hundred and nine dollars and ninety-six cents, was not paid out and expended by the defendant on account of said township, nor did he pay the same over to his successor in said office, but appropriated and converted the same to his own use, and had ever since failed, neglected and refused to account for the same.

The defendant filed an answer of three paragraphs, the first of which is not numbered, and the others are respectively numbered 3 and 4, and will be referred to by such numbers.

The first paragraph averred generally, that, before the termination of his said office of trustee, he fully accounted for all said funds, to the proper lawful authorities.

3. That at the —— session of the board of commissioners of Dearborn county, in the year 18—, he, as such trustee, made his report of and concerning said funds, and the disposition thereof, to said board of commissioners, pursuant to the statute; that said board approved of said report and of the

doings of the defendant therein reported, embracing and covering the funds in the complaint mentioned, and the disposition thereof made by the defendant as such trustee; that he fully accounted for and paid over to his successor in office all the school funds remaining in his hands at the expiration of the term of his office; and that his successor in office assumed and charged himself with the same.

4. That on October 20th, 1872, at the time of the expiration of his office, defendant accounted to William Dunn, who then became and was his successor in office as such trustee, for said sum of $409.96, and afterwards, on October 20th, 1873, said Dunn, as such trustee, made his report to the board of commissioners of Dearborn county, wherein and whereby he charged himself with that amount had and received by him, as such trustee, from the defendant; and that said board of commissioners accepted and approved said report with such charge of said sum of money therein contained.

The plaintiff replied in two paragraphs. The averments of each are substantially the same, and we refer to those of the first paragraph only, to wit: That the defendant, falsely and fraudulently represented to his successor in office that he never received from his predecessor in said trust said sum of $409.96; but that for a long time prior to his acceptance of said office a deficit had existed in the funds in the hands of each successive incumbent, and that said sum of $409.96 was the amount of said deficit, and that he had receipted to his predecessor for an amount including that sum, without in fact receiving the same; that it had been and was a custom of each incumbent to receipt to his predecessor for such sum, and such person would in turn be credited by his successor for the same without an actual payment thereof.

The reply then averred that said statement was false; that no such deficit existed when the defendant assumed said trust; that he received the full amount for which he receipted to his predecessor, but did not pay over the same to his successor, his payment being just $409.96 less than the amount with

which he was charged; that the successor of the defendant, relying upon said statement and in ignorance of its falsity, receipted to him for the full amount with which the defendant stood charged, but that said sum, being the amount of said deficit, had not since said time been in the proper funds of said township; that said statements were false and fraudulent and were so intended, and by said means and not otherwise the defendant procured a receipt from his successor in office, and upon said false statements and the presentation of said receipt, he procured the settlement with the board of commissioners alleged in his answer.

The defendant demurred to the replies; his demurrers were sustained, and, the plaintiff electing to stand on said replies, there was final judgment on demurrer for the defendant.

We have no brief on behalf of the appellee, but are informed by the appellant's counsel that the circuit court sustained the demurrers to the replies on the authority of *The State, ex rel.,* v. *Prather,* 44 Ind. 287. The court overlooked a palpable distinction between the replies in the Prather case and in the case at bar. There Valhowe, the successor of Prather, had charged himself with an amount, that it was ascertained Prather was delinquent, on the promise of the latter, that if Valhowe would report said money to the board of county commissioners as in his hands, he, Prather, would immediately pay the same, which he had failed to do, etc. The several promises and statements alleged in the reply to have been made to Valhowe were charged to have been falsely and fraudulently made, but the court said of said reply: " It attempts to set up fraud by statements as to what should or would be done hereafter. This was palpably bad. Fraud can only be predicated on an existing or an alleged existing fact, and not on a promise to be complied with in the future." It was further held in that case, that as Valhowe had charged himself with the amount for which Prather and his sureties were sued, and had reported to the county commissioners that he had said funds, the defendants were

discharged from liability. In *The State, ex rel.,* v. *Grammer,* 29 Ind. 530, it had been held that the statement of a township trustee, in his annual report to the county board, of the amount of money in his hands, was conclusive against the trustee and his sureties in a suit on his official bond. But those cases have been overruled so far as sureties on bonds of public officers are concerned, by the later cases of *Lowry* v. *The State, ex rel.,* 64 Ind. 421; *Ohning* v. *The City of Evansville,* 66 Ind. 59.

As, according to the cases last cited, the sureties of Dunn, on his bond, would not be liable for the sum with which he had falsely charged himself for the benefit of the appellee, can the latter drive the township to an action against Dunn alone, supposing the latter to be concluded by his report to the commissioners?

It must follow that an incoming trustee can not absolve his predecessor from liability for money in his hands, so as to prevent the township from maintaining an action for it, by falsely charging himself with such funds, because the law requires the security, not only of the responsibility of the trustee, but of two freehold sureties in addition. 1 R. S. 1876, p. 900, section 5.

We hold, therefore, that the acts of Dunn in charging himself with the deficit of the appellant, and falsely receipting to the latter for said funds, were void as against the township for want of power on Dunn's part to bind either the township or his own sureties thereby; and that the alleged settlement with the county board, having been confessedly procured by a gross and inexcusable fraud, was no defence against the action of the appellant.

The court below erred in sustaining the demurrers of the appellee to the first and second paragraphs of the reply of the appellant, for which cause the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and the same is, hereby reversed, at the costs of the appellee, and that said cause be remanded for further proceedings, in accordance with said opinion.