Goodwine *et al. v.* The State, *ex rel.* Fleming.

---

No. 8719.

GOODWINE ET AL. *v.* THE STATE, EX REL. FLEMING.

TOWNSHIP TRUSTEE.—*Successive Bonds.*—*Liability of Sureties.*— *Estoppel.*— The sureties upon a township trustee's official bond are not liable for defalcations which occurred before the bond was given, and are not estopped by the acts, book entries, or reports of the trustee, from showing when a defalcation in fact occurred.

SAME.—The condition of a township trustee's bond embraces " all moneys belonging to the township," and therefore includes money received from his predecessor in office.

SAME.—*Defalcation.*— *Use of Township Funds.*—A township trustee is not a defaulter because he invests in his private business money received from

public sources, so long as he continues ready to pay out all sums required for public uses, and at the proper time is ready to pay over to his successor the remainder for which he may then be accountable.

SAME.—*Failure to Pay Over to Successor.*—The failure of a township trustee to pay over to his successor the sum for which he is accountable, though he be his own successor, is a defalcation, for which the sureties upon his first bond are responsible; but if, after entering upon his second term, he make the defalcation good by paying the amount thereof to himself as trustee, he then, with his sureties, becomes liable therefor upon his new bond.

From the Warren Circuit Court.

*J. McCabe,* for appellants.

*W. P. Rhodes* and *A. R. Owen,* for appellee.

Woods, J.—This appeal is from a judgment in favor of the appellee against the appellants, upon the official bond of Joseph M. Thomas, as trustee of Jordan township, in Warren county, the appellants Goodwine and Pence being charged as the sureties upon the bond; and the relator being the successor of Thomas, as trustee of the township. Thomas has formally declined to join in the appeal of his co-defendants, at whose request the court found the facts specially, and stated a conclusion of law in favor of the appellee, to which they saved an exception.

The facts stated in the finding of the court are substantially as follows:

1. Joseph M. Thomas was elected trustee of Jordan township, Warren county, Indiana, in October, 1872, was re-elected in October, 1874, and again re-elected in October, 1876, his last official term expiring in April, 1878, when Thomas C. Fleming, the relator, was elected his successor in the trust, and still holds the office.

2. Thomas, as such trustee, on the 19th day of October, 1876, duly executed his official bond in the penalty of $5,000, with his co-defendants as sureties, which bond was duly accepted and approved, as alleged in the complaint, and is the bond in suit.

3. On the 15th day of October, 1876, Thomas filed with

the auditor his annual report to the board of commissioners, showing that there remained in his hands of the funds of the township the aggregate sum of $2,246.41. This sum had been converted by Thomas to his own use, and was invested in cattle and stock, which he then had upon his farm. Said report was intended to, and did, close his official doings for the term immediately preceding the one in which the bond sued on was executed.

4. After he had executed the bond in suit, and had entered upon his last official term, there came to his hands, of the funds of the township, the aggregate sum of $5,248.40, which was received upon warrants drawn by the county auditor on the county treasurer. During the same time he received the further sum of $2,400, which he realized from the sale of his cattle and stock aforesaid, and which sale he made for the purpose of raising money to reimburse the township for the moneys converted as aforesaid, and the latter sum of $2,400 he used and applied for this purpose, paying it out for township purposes during his last year in office. After entering upon his last official term he expended for township purposes the sum of $6,617.62.

5. On the 8th day of April, 1878, at the close of his term of office, he filed with the county auditor his final report as trustee, showing the sum of $1,163.24 of the funds of the township in his hands unexpended, no part of which has been paid over to his successor, the relator.

Counsel for the appellant insists that the decision of the circuit court is inconsistent with the rulings of this court in *Ohning* v. *City of Evansville,* 66 Ind. 59, and *Lowry* v. *The State, ex rel.,* 64 Ind. 421, and cases cited, wherein the doctrine is recognized "that new sureties are not responsible for prior defalcations," and that the sureties upon an officer's bond are not estopped by his acts, entries or reports, from showing when the defalcation in fact occurred. Counsel says: "Now, the $2,400 received for his stock, at no time while in his hands, belonged to the township in any sense whatever. That was

his money, and its receipt from the purchaser of his stock was not embraced by the condition of the bond, because that condition only embraced money received by him, belonging to the township in some sense; that is, money received by him from the public funds."

The fallacy of the argument is manifest. The condition of the trustee's bond required him to receive, account for or pay over to his successor " all moneys belonging to the township." This was broad enough to include all moneys due the township from his predecessor in office, and the fact that he was his own predecessor does not alter the proposition.

The facts found by the court show that Thomas became a defaulter in his prior term of office—not because he invested money received from public sources in his private business, for that he had a right to do, so long as he kept himself ready to pay out according to law all sums required for public uses. *Linville* v. *Leininger,* 72 Ind. 491, and cases cited; *Bocard* v. *The State, ex rel.,* 79 Ind. 270; *Brown* v. *The State, ex rel.,* 78 Ind. 239. But because, at the end of his term, he did not have in his hands to turn over, and did not turn over, to his successor (himself), the amount for which he was then accountable. And had he never made good this defalcation, his prior bondsmen, and not the appellants, would have been responsible therefor. He did, however, make it good, as the facts show. By the sale of his property, he obtained money and replaced that for which he was in default, and, when he did this, the appellants became liable therefor, as much as if another had been his predecessor in the office, and that other had been in like default and had afterwards made it good by payment to Thomas of the amount due.

The finding, however, goes further than this. It shows that, besides repaying to himself as trustee the amount of his prior defalcation, Thomas applied the identical money used in making the repayment to the uses of his trust during the term covered by the bond in suit, from which it necessarily results that, of the public funds received upon warrants during

that term, he did not make full account; and, for the deficiency, the court gave judgment against the appellants, as it was eminently just and lawful to do.

Judgment affirmed, with costs.