### UNITED STATES *v.* STONE.

### STONE *v.* UNITED STATES.

1. Where *nil debet* is pleaded, it is not error to strike out a notice of special matter to be given in evidence, where evidence of such matter is admissible under the plea.

2. In a suit by the United States upon the official bond of a collector of internal revenue, transcripts from the books of the Treasury Department of his accounts, containing the usual items and showing the balances between the debits and credits, were put in evidence by the plaintiff. *Held,* that the papers, being in proper form and duly certified, are admissible; and an objection disclosed only by comparing them with other transcripts offered by him lies not to the competency of the evidence, but to its effect.

3. Where he served for two successive terms, his sureties under his second appointment are liable for taxes which he, during his service thereunder, collected upon assessment rolls received during the first term, and for moneys or stamps remaining on hand at the expiration of that term.

4. Although the transcripts are evidence of the amount, date, and manner of the officer's indebtedness, his sureties may, by other treasury transcripts, show that his default, in whole or in part, occurred during his first term; that credits were applied on a prior account, although they belonged to subsequent accounts; and that to the latter debits were improperly transferred.

5. It is not a valid objection to the introduction of the transcripts offered by the sureties that they do not on their face establish errors in the adjustment upon which the plaintiff relies, but require further evidence. The failure to produce such evidence furnishes ground only for their ultimate exclusion, or for an instruction to the jury as to their effect.

ERROR to the District Court of the United States for the Northern District of Mississippi.

The facts are stated in the opinion of the court.

*Mr. Assistant Attórney-General Maury* for the United States.

*Mr. George E. Harris, contra.*

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This action was brought by the United States against Benjamin B. Emory and his sureties, upon his official bond, as collector of internal revenue for the Third District of Mississippi. The bond, dated March 29, 1870, is in the penal sum of $50,000, and reciting that he had been appointed and had received a commission as such collector, dated Dec. 29, 1869, is conditioned that " he shall truly and faithfully execute and discharge all the duties of the said office according to law, and shall justly and faithfully account for and pay over to the United States, in compliance with the orders and regulations of the Secretary of the Treasury, all public moneys which may come into his hands or possession," &c. The breach alleged is, that he failed to account for and pay over the sum of $57,497.84 of public moneys which had come into his possession as such collector.

The defendants pleaded *nil debet,* and gave notice of special matter to be given in evidence under that plea, among others, that " the alleged liability for which this suit is brought arose, if at all, under a bond given by said Emory, as such collector, in October, 1869, and not under the bond on which this suit was brought," &c. They also pleaded payment before suit brought, and an argumentative plea of *non est factum,* to which a demurrer was sustained. Subsequently they filed an additional plea traversing the alleged breach of the condition of the bond.

Before the trial, the district attorney moved to strike out the defendants' plea of *nil debet,* with the notice of special matter attached, and an order sustaining that motion appears from the record to have been made; although, from a bill of exceptions taken at the time, it is stated that the motion was sustained only so far as the notice was concerned, and overruled as to the plea.

There was a verdict in favor of the United States for $10,003.52, and a judgment was rendered thereon.

Writs of error were sued out by both parties, and are now prosecuted to reverse that judgment, for errors alleged to have been committed by the court in its rulings on the trial, duly excepted to by the parties respectively, and brought upon the record by bills of exception.

They will be considered in their order, beginning with those assigned by the defendants below.

1. There was no error, as alleged, in striking out the notice of the special matter, to be given in evidence, under the plea of *nil debet.* It was proper to strike it out, because it was matter which denied the plaintiff's whole cause of action, which, consequently, it was bound to meet with its own evidence in the first instance, and which, therefore, the defendants traversed by the plea of *nil debet*, and the plea denying the alleged breach of the condition of the bond. Any evidence which would have been competent under the notice would have been equally so without it; and, in point of fact, all the evidence offered on the part of the defendants, which was competent under the notice, was admitted under the pleas.

2. The first bill of exceptions taken by the defendants states that " the said plaintiff offered to read to the jury certain transcripts from the books of the Treasury Department at Washington City, and certified transcripts of papers on file in said department, touching the official conduct of Benjamin B. Emory as late internal revenue collector for the Third District of Mississippi, which said transcripts are dated respectively ———, as shown by the certificates of the Secretary of the Treasury. And to these transcripts the defendants had filed written exceptions, and objected to their introduction as evidence, for the reasons assigned in said exceptions." The court overruled the objection and permitted the transcripts to be read in evidence, to which reading the defendants excepted; and it is now assigned for error.

In another part of the record there is this statement: " The following are transcripts from the books of the Treasury Department at Washington and of papers on file, which are referred to in the bills of exceptions taken and filed in this cause.'

Then follows forty-seven printed pages of matter, consisting of certified statements of account from the books of the Treasury Department, and copies of numerous papers on file, apparently relating to the accounts of this collector. But it is impossible to know, with accuracy, from the record, which of these were offered in evidence by the plaintiff and to which the objection was intended to apply; for it appears from another bill of exceptions, — and there were six in all, — which was taken by the plaintiff, that some of these transcripts from the books of the Treasury Department were offered by the defendants themselves, and admitted in evidence, against the objection of the district attorney, — a ruling we are called upon to consider hereafter, as it is alleged as error on the part of the United States, under the writ of error which it prosecutes. It is only by subtracting these from the entire mass that we can infer to what the defendants objected.

The exceptions filed to these transcripts, referred to in the bill of exceptions and found elsewhere in the record, are as follows: —

"1st, The certificates are not such as the law requires.

"2d, The transcripts are incomplete, and do not set out the entries on the books of the department, and are not transcripts from the books, but summaries of what the officers suppose the books contain.

"3d, The reports and receipts of Emory, as collector for assessments, and other papers connected with the settlement of his accounts by the department, are not set out in said transcripts.

"4th, Emory's monthly and quarterly reports are not set out in said transcripts.

"5th, Emory's receipts for assessments are not set out in said transcripts.

"6th, Facts are set out in said transcript which did not come before the department, which were not in the course of its business, and of which its transcript is no evidence.

"7th, Said transcripts are partial, imperfect, and do not present the whole record statement in regard to said Emory's accounts as late collector as aforesaid."

The particulars in which the transcripts in question are sup-

posed to be open to these exceptions are not pointed out to us, either by anything in the record or in argument by counsel, and there is nothing upon their face which suggests them to us. The papers in question seem to be in the usual form of such statements, and purport to be copies from the books of the Treasury Department of the accounts between the collector and the United States, containing the usual items, and showing the appropriate balance between the debits and credits. If there is anything in them illegal, insufficient, or incomplete, we have not been able to discover it. *United States* v. *Gaussen*, 19 Wall. 198.

It is, however, said by counsel for defendants, that in the treasury transcript, showing an adjustment of the collector's accounts, covering all his official time prior to the date of giving the bond sued upon, he is charged with five items, aggregating $50,063.20, and that this account is balanced by credits, three items of which purport to be transfers to himself, as his own successor, amounting to $30,534.42, which it is alleged was an existing indebtedness to the government. In the next adjustment he is charged with the same items, showing an arrearage at that time of $60,613.85, and a balance is found against him as occurring since the date of the bond in suit, the effect of which, it is argued, is to shift a default from the first to the second bond; and it is claimed that for this reason the transcript offered by the district attorney was not competent evidence, and should have been excluded from the jury.

But this objection did not arise upon the face of the accounts offered in evidence by the United States, but only after a comparison between them and that offered by the defendants, and, therefore, would lie, not to the competency of the evidence, but to its effect.

It is true that the sureties sued are liable only for money received during the term for which the collector was appointed, covered by the bond to which they are parties, and not for the misapplication of money received and misapplied before or after that term. *United States* v. *Eckford's Executors*, 1 How. 250. It is nevertheless equally true that they are liable for taxes which he collected during that term, upon assessment rolls received during a prior term, or for moneys or stamps on hand

at the expiration of a former term, and remaining in his possession at the beginning of a new one; for the collector is responsible as well for moneys and stamps retained by him as his own successor, as for those received by him from any other predecessor. And the separate adjustment of his accounts for both periods, made at the Treasury Department upon its books, is *prima facie* evidence, not only of the fact and of the amount of the indebtedness, but also of the time when and the manner in which it arose. It is, of course, always open to the defendants sought to be charged to show by opposing proof that the default charged occurred before the commencement of their liability. We repeat what was said in that case. " The amount charged to the collector at the commencement of the term is only *prima facie* evidence against the sureties. If they can show, by circumstances or otherwise, that the balance charged, in whole or in part, had been misapplied by the collector prior to the new appointment, they are not liable for the sum so misapplied." p. 263.

3. It is next assigned for error, that the court omitted to charge the jury, " that facts not properly appearing on the books of the Treasury Department could not be embraced in the transcript, facts of which the department had no knowledge, and if so embraced they did not constitute proof in this case." This alleged omission on the part of the court is stated in the bill of exceptions to have occurred in connection with the following instruction, which was given: " That while it was true that the plaintiff could only recover in this case for money actually collected by Emory, and not accounted for to the government, yet, if they believe from the evidence that Emory had received the assessment rolls of the taxes imposed, that was *prima facie* evidence that he had received the money on them in the absence of any other or further proof on that subject."

Although the giving of this charge was excepted to, the error assigned upon it was not pressed in argument; nor could it be maintained, as the instruction was undoubtedly correct. Nor does it appear from the bill of exceptions that the court was asked to give the instruction, the omission of which is now complained of; although it states that for that cause the de-

fendants then and there excepted. But, waiving the form of the exception, it must be overruled, because, however correct the rule may be, which it states the. court omitted to give to the jury, it is not shown, by anything in the present record, how it could apply to the case. It was not shown that there were any facts embraced in the transcripts which could not properly appear on the books of the Treasury Department, nor any of which the department had not knowledge; and no attempt has been made to point them out in argument.

This disposes of the errors assigned by the defendants, in none of which do we find any ground for disturbing the judgment.

4. A bill of exceptions was taken during the trial on the part of the United States. From that it appears that the defendants offered in evidence a certified copy of the official bond of Emory, as collector of internal revenue for the Third District of Mississippi, under an appointment dated Oct. 2, 1869, the bond being dated Oct. 11, 1869, with sureties other than the present defendants, and a certified transcript from the books of the Treasury Department of an adjustment of his accounts as such collector, under that appointment, from Nov. 4, 1869, to March 28, 1870, showing a balance due from him to the United States, " transferred to himself as his own successor," of $4,027.52, and with which he is charged in the next adjustment under the bond sued on, dated March 29, 1870; and in which, also, he is credited with $13,050.17, as " amount of taxes on lists transferred to himself as collector under second bond," and with $13,456.13, as " amount of stamps transferred to himself as collector under second bond, viz. tobacco $8,098.88, spirits $5,327.25." To the introduction of these documents in evidence the district attorney objected. The objection was overruled, the evidence was admitted, and an exception was taken, on which error is now assigned on the part of the United States.

The objection, however, cannot be sustained. We have already stated that it was competent for the defendants to show, in their own exoneration, that the balance charged against the collector, upon the adjustment of his accounts, during the period when they were liable for his defaults, in fact,

had arisen by virtue of some default occurring during a prior term. For that purpose, and as tending to prove such a claim, it was competent and proper to show that credits had been given to him, on a prior account, that belonged to subsequent ones, and that he had been debited in the latter with items improperly transferred from previous ones. And to do that, the accounts, in which these charges and credits appeared, were manifestly pertinent and material. It required, of course, further evidence to show the impropriety of the adjustment, unless the facts appeared on the face of the papers, as they did not in this case; and the failure to follow them up, with such further evidence, might have been a sufficient ground, when the defendants had rested, for granting a motion to rule out the testimony, or for an instruction to the jury as to its effect; but the objection would not prevail, in the first instance, to its introduction.

We find no error in the record.

*Judgment affirmed.*