Coal Company vs. Sheriff, etc.

## No. 10,130.

## PITTSBURG AND SOUTHERN COAL COMPANY VS. J. W. BATES, SHERIFF, ETC.

Goods sent from one State to another are not lawful objects of taxation while they are in *transit* between the place of origin and the place of destination.

Goods thus sent cease to be in *transit* and can be subjected to taxation the moment they reach their place of destination and are there offered for sale, provided they are taxed as other goods are and not by reason of their being brought into the State from another State and are not subjected to any unfavorable discrimination.

It is immaterial whether they are unloaded or not, or were not consigned to any specially authorized agent within the State of destination. It is enough that they were in the charge and custody of one who had the power to sell, who disposed of the same in part and is ready to do so for the rest.

Taxation in such cases, in the absence of contrary congressional legislation, does not violate Art. 1. Sec. 8, Clause 3; Art. 1, Sec. 10, Clause 2, or Art. 4. Sec. 2, Clause 1 of the Constitution of the United States.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

---

*W. S. Benedict, Read & Goodale* and *H. C. Gage* for Plaintiff and Appellant.

*M. J. Cunningham*, Attorney General, and *L. D. Beale*, District Attorney, for Defendant and Appellee :

1.  The tax is levied under the provisions of Act No.. 98 of the Legislature of 1886. The coal on which the tax is imposed was brought from the State of Pennsylvania. The tax is a uniform one of six mills on the assessed value of all property within the State, whether owned by the citizens of this or of other States, or aliens, regardless where the property was produced.

2.  " Coal brought from Pennsylvania to New Orleans for sale can legally be taxed by the State of Louisiana, and the tax thus levied upon it is not obnoxious to any of the three constitutional principles invoked in this case, viz :

    "1st. That the citizens of each State shall be entitled to all the immunities and privileges of citizens of the several States.

    "2d. That Congress shall have power to regulate commerce with foreign powers and among the several States.

    "3d. That no State shall levy any imposts or duties on imports or exports." 33 Ann. 843; 104 U. S. 622.

3.  The constitutional guarantee that the citizens of each State shall be entitled to all the privileges and immunities of the citizens of the several States simply prohibits any injurious discrimination against the products of other States or the rights of their citizens. 8th Wallace, 140 and 152. The tax imposed bears alike upon all the property within this State, no matter who may be the owner or where it is produced, and does not discriminate against the products of other States, or the property of citizens of other States.

4.  The property taxed is not in transit, but is on consignment for sale in Louisiana, and mingled with the mass of the property of the State, and taxable as all other property.

5.  The terms exports and imports in the constitutional provision invoked have reference

to goods brought from or carried to foreign countries alone, and not to goods carried from one State to another. 33 Ann. 843; 114 U. S. 622.

6. The taxation in question does not in any way infringe upon the constitutional provision relating to the regulation of commerce. "A tax on property that may be the subject of commerce under congressional regulations, is not a tax on commerce. Neither is a tax on property which has been the subject of such commerce, where it is taxed only as property, and in common with property within the State.." 33 Ann. 845, and authorities cited.

The opinion of the Court was delivered by

Bermudez, C. J. The plaintiff company appeals from a judgment dissolving an injunction obtained by it, prohibiting the defendant as *ex officio* State tax collector from selling a quantity of coal lying in boats at a distance of a few miles from Baton Rouge, in the Mississippi river, to pay taxes alleged to be due the State thereon.

The contention is, that the very law under which the sheriff and tax collector presumes to act exempts the coal from taxation, as property in transit for transportation and not on consignment for sale. Act 98 of 1886, p. 133.

It is urged at the same time that any tax on the coal which is in *transit* would violate the Constitution of the United States in several particulars, and reference is made to Art. 1, Sec. 8, Clause 3 ; to same article, Sec. 10, Clause 2, and to Art. 4, Sec. 2, Clause 1, and Art. 1, Sec. 9, Clause 5, of that Constitution.

Unnecessary pains have been taken to establish the elementary proposition that goods in transit from one State to another cannot be lawful objects of taxation during their passage or transportation in the State or through the States lying between that of the origin and that of the destination of the goods.

This indisputable doctrine was formally applied by this Court in a kindred case, Brown vs. Houston, tax collector, 33 Ann. 843, and further recognized in the recent case of Simmons Hardware Company vs. McGuire, sheriff and tax collector, 39 Ann. 848.

The defenses urged in the present case, as far as the law governing it is concerned, were offered and considered in the Brown-Houston suit, which was carried by writ of error to the United States Supreme Court.

After an exhaustive examination of the matters involved, that Court, in an elaborate, considerate and well reasoned opinion, held those defenses untenable and affirmed the judgment complained of.

The Court found and declared, that coal mined in Pennsylvania and sent by water to New Orleans, to be sold in open market there, for account of the owners in Pennsylvania, becomes intermingled on

arrival there (New Orleans) with the general property in the State of Louisiana, and is subject to taxation under the general laws of that State; although, it may be, after arrival, sold from the vessel on which the transportation was made and without being landed and for the purpose of being taken out of the country, on a vessel bound to a foreign port.

In a subsequent case, alluding to this ruling, the same Court, through the same learned organ, held that such goods having arrived at their place of destination may be taxed in the State to which they are carried, if taxed in the same manner as other goods and not by reason of their being brought into the State from another State, nor subjected to any unfavorable discrimination.    Coe vs. Errol, 106 U. S. 527.

A review of the constitutional articles invoked and of the whole jurisprudence on the subject and mature consideration of the recent rulings just mentioned, force upon the mind the irresistible conclusion that by "goods *in transit*" protected from all State and municipal taxation, is meant goods moving from one State to another, although delayed in transportion, and that such goods become lawful objects of such taxation the moment they reach their destination and are there kept ready and offered for sale at any point within the place of destination.

Such, indeed, is the formal announcement of the Supreme Court of the United States in the Brown-Houston case, in which the following language occurs :

"It cannot be seriously contended, at least in the absence of any congressional legislation to the contrary, that all goods which are the product of other States are to be free from taxation in the State to which they may be carried for use, or sale."    Page 633.

Looking now into the facts of this case, it appears that the coal in question was sent down the Mississippi river to supply the Louisiana trade; that it reached its destination and was there offered for sale, and sold in part.

The facts, if true, that the coal was and is kept on board the flats which carried it, was not unloaded, and not consigned at this or that point to any specially authorized agent, are immaterial.    It is enough that it was in the charge and custody of one or more persons, who had the power to sell it, and who have disposed of it in part and are ready to do so further.

Judgment affirmed.