DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

[No. 595.   August 24, 1895.]

### SCIPIO SALAZAR ET AL., PLAINTIFFS IN ERROR, v. TERRITORY OF NEW MEXICO, DEFENDANT IN ERROR.

COUNTY TREASURER'S BOND, SUIT ON—REPORT TO COUNTY COMMISSIONERS
—EVIDENCE—ESTOPPEL IN PAIS.—In an action of debt against the
principal and sureties on a county treasurer's bond, for the recovery
of certain moneys claimed to be due from defendants on account of a
breach of the conditions of the bond, where it appeared that the
treasurer served one full term and part of a second term, and the bond
was given at the beginning of the second term, a report by the
treasurer, as to funds in his hands, made during the second term and
after the filing of the bond, and approved by the county commission-
ers, did not estop the sureties from showing that the default occurred
during the first term.

ERROR, from a judgment for plaintiff, to the Fifth
Judicial District Court, Lincoln County.   Judgment
reversed.

The facts are stated in the opinion of the court.

JOHN Y. HEWITT and H. B. FERGUSSON for
plaintiffs in error.

The sureties on the treasurer's bond had a right to
be heard to deny the truth of his report, and could not

be concluded thereby.    United States v. Boyd et al., 5 How. 30.

They were not liable for the default of the treasurer during any period not covered by the bond sued on. Baylie on Sur. and Guar. 127, 128,°sec. 8; Id., sec. 9; Rochester v. Randall et al., 105 Mass. 295; Farrar et al. v. United States, 5 Pet. 373; United States v. Boyd et al., 5 How. 30; Murfree on Official Bonds, sec. 300, and cases cited.

Funds collected during a subsequent term can not be applied to replace a shortage accruing during a former term, so as to fix the liability on the sureties under a subsequent bond.    United States v. Linn, 2 McLean, 501; Jones v. United States, 7 How. 681; Meyers v. United States, 1 McLean, 493; Postmaster General v. Norvell, Gilp. 106.

EDWARD L. BARTLETT and G. B. BARBER for defendant in error.

Statements suggesting the existence or nonexistence of a fact in issue, or a fact relevant thereto, if made by a substantial party to the record, or by one identified in legal interest with such party, and during the continuance of such interest, are admissible in evidence against the person by whom or on whose account such statements are made.    Best, Prin. Ev. [Am. Ed.] 507, and notes; 1 Greenl. Ev., secs. 169, 212; 2 Whar. Ev., sec. 1075.

Where the surety is sued for the default of his principal, and the principal had notice of the pendency of the suit, the admissions of the principal are evidence against the surety.    9 Am. and Eng. Encyclopedia Law, 344, and notes; 1 Greenl. Ev. [24 Ed.], sec. 188.

Aside from the admissions of the principal, the plaintiff's case was proven by the evidence.    Record, pp. 36, 45; Mechem, Pub. Off., sec. 289.

The oral demand made upon the treasurer to turn over to his successor in office the money found to be

due, was sufficient, the statutes of the territory not requiring a demand in writing to be made. State v. McIntosh, 9 Ired. (N. C.) 307, 496; 19 Am. and Eng. Encyclopedia Law, 544, 545, and cases cited in notes; Am. Dig. 1891, p. 955, sec. 101, and cases cited.

A county treasurer failing to turn over to his successor in office moneys found to be due, a breach of the conditions of his bond thereby occurs, and an action may be maintained against him and his sureties, and recovery had for all funds converted. 19 Am. and Eng. Encyclopedia Law, 544, 545, and citations; 2 Id., p. 467b, and citations.

The record shows the treasurer made all the accounting required of him by the county commissioners, for his first term of office. Board of Supervisors, etc., v. Alford et al., 3 So. Rep. (Miss.) 246.

Though he made no settlement with the commissioners on the expiration of his first term of office, their negligence in not requiring him to make such settlement, can not be set up, and is no defense, in an action against him and his sureties for the conversion. Board Co. Commissioners v. Sheehan et al., 43 N. W. Rep. (Minn.) 690; Cooley on Taxation, 503, 504.

The only facts provable in trials at law are such as are put in issue by the pleadings, and facts relevant thereto. Best, Prin. Ev. [Am. Ed.], 257, 259; 1 Chitty, Pl., p. 652.

In an action on specialty or covenant, the plea of non est factum operates as a denial of the execution of the deed in point of fact only; all other defenses must be pleaded specially. 5 Am. and Eng. Encyclopedia Law, p. 175, and citations in note.

In an action of debt on a bond, the defendant must specially plead his defense, when it consists of payment of bond or any matter in excuse of it. 1 Chitty, Pl., p. 484.

In an action upon a treasurer's bond, reports made and filed by him estop him and his sureties from setting

up matters to contradict such reports.    Longan et al.
v. Taylor et al., 22 N. E. Rep. (Ill.) 745.

### SUPPLEMENTAL BRIEF FOR DEFENDANT IN ERROR.

While the sureties for a subsequent term are not
liable for defaults occurring before the beginning of that
term, they are liable for the amount of funds in the
hands of their principal at the commencement of their
term and carried forward from a prior term.    Mechem,
Pub. Off., sec. 287;  U. S. v. Boyd, 15 Pet. 187.

The principal defendant is estopped from denying
his own statement or setting up his own fraud, and so
are his sureties upon the same principle.    United States
v. Girault et al., 11 How. 22; Roper et al. v. Sangamon
Lodge, 91 Ill. 521.

Defendant and his sureties are concluded from
denying that any balance did not come into his hands
as treasurer, as any such balance was transferred, by
law, to his second term.    City of Chicago v. Gage, 95
Ill. 593, 35 Am. Rep. 195, et seq.

Sureties can make no defense that their principal
could not make.    Boone County v. Jones et al., 2 N.
W. Rep. 987–995.    Affirmed on rehearing, 7 Id. 155;
Stovall v. Banks, 10 Wall. 588.

The sureties as well as the principal on a treasurer's
bond are precluded from denying that the treasurer
had in his hands moneys as reported by him.    Terri-
tory v. Cook  et al., 17 Pac. Rep. (Ariz.) 10;  Longan
et al. v. Taylor, 22 N. E. Rep. (Ill.) 745;  Board of
Supervisors v. Alford et al., 3 So. Rep. (Miss.) 247,
248; Crawn v. Commonwealth, 4 S. E. Rep. (Va.) 724.

Sureties are not released by the delay, negligence,
or laches of government officials, even though the
delay is great, or the laches gross, nor by the fact that
such official knew at the time they took the bond that
the officer had been a defaulter in a previous term.
Mechem, Pub. Off., secs. 308, 309.

BANTZ, J.—This is an action against the principal and sureties, brought on the official bond of Scipio Salazar, former treasurer of Lincoln county. Salazar served one full term and about half of the second term. At the trial the plaintiff below introduced a report made by Salazar, as treasurer, to the board of county commissioners, in which he reported that he had in his custody, as treasurer, the sum of $13,069.83    This report was made during his second term. On the same day the board approved it, and thereupon he tendered his resignation, which was accepted "with regrets." But he was unable to turn over a large portion of the money reported. The bond sued on was given at the beginning of the second term, and before the report was filed. There was no evidence of any report made by Salazar to the board prior to that time, or at the conclusion of his first term; nor was there any evidence of any settlement between him and the board at the conclusion of his first term, ascertaining the amount on hand. The sureties attempted to introduce testimony as to the condition of the treasurer's account during his first term, showing debits and credits, and offered to prove that he was in arrear during his first term, and did not have any money, as treasurer, at the conclusion of that term. The court below rejected the testimony so tendered, and a verdict and judgment was rendered against the defendants, who have brought this case here on writ of error.

If the fact be that the treasurer was a defaulter during his first term, and not during his second term, it is conceded that the bond sued on would not ordinarily be liable; but it is urged that the report made by the principal, and its approval by the board, estopped the sureties from showing that the default occurred during the first term. The report was made and approved on the day Salazar resigned, and this action

SUIT on county treasurer's bond: report to county commissioners: evidence: estoppel in pais.

was brought almost immediately. afterward.   There
was, therefore, manifestly, no estoppel in pais.   If the
sureties are precluded from showing when the default
actually occurred, it arises either because the recorded
proceedings of the board imported the conclusive verity
of a judgment roll of a common law court, or because
the report and its approval became a contract.   But
even a judgment would not be conclusive upon sure-
ties who were not parties, and who had no opportunity
to defend; and a contract between the principal and
the board, fixing the debt, would not be within the con-
dition of the bond, conditioned, as it was, for the faith-
ful discharge of certain duties.   If, in reporting that
he had on hand $13,068.83, the treasurer reported an
untruth, it would have been a technical breach of his
bond, but no actual loss would have been suffered from
the untrue statement.   The damage would be merely
nominal.   Moreover, no breach was assigned for fail-
ing to make true report, but the breach charged was
the refusal to pay over the balance reported to the
board and found by it to be correct.   The pleader has
treated the report and its approval as, not the mere
evidence of liability, but as the things to be proved,
and as in some way conclusive.   Upon this point the
cases of Roper v. Sangamon Lodge, 91 Ill. 521; Morley
v. Town of Metamora, 78 Ill. 394; City of Chicago v.
Gage, 95 Ill. 593, and Territory v. Cook 17 Pac. Rep.
(Ariz.) 10—are not pertinent.   In these cases the bonds
were made at the commencement of the second term,
after an accounting, and an ascertainment of the
amount in the hands of the principal at the conclusion
of the first term; and it was either held that the sure-
ties could not dispute the amount which had been ascer-
tained when their obligation was entered into, or that
such official reports formed the basis of the fiscal con-
cerns and financial policy of the municipal government,
so that great public injury would result if they were

subject to falsification after they had entered into governmental action.    Neither of these reasons applies to the facts of this case.    In an early case in Virginia it was held, by a majority of the court, that the principal and his sureties were conclusively bound by the settlement made between the principal and a county board, entered of record in the proceedings of the board. Baker v. Preston, 1 Gilmer, 235.    This case has been approved in Illinois and some other states, and also in Arizona; but it is opposed by the great weight of authority, and is not in harmony with sound principle. In a later Virginia case (Craddock v. Turner, 6 Leigh, 124), Judge Tucker says that the opinion in Baker v. Preston "has certainly not been acceptable to the profession."    In State v. Rhoades, 6 Nev. 352, the court say that "it is at variance with all the cases we have been able to consult, both American and English."    And, though Baker v. Preston was at one time followed in Indiana (State v. Grammer, 29 Ind. 530), it was afterward repudiated (Lowry v. State, 64 Ind. 421).    Baker v. Preston seems to have been since overthrown in Virginia, in Board v. Dunn, 27 Grat. 622.    The rule generally recognized is thus stated in Brandt, Suretyship, section 522:    "The entries made by an officer in public books, while in the discharge of his duty, or returns made by him to public authorities, are generally prima facie—but not conclusive—evidence against his sureties of the facts thus stated."    To the same effect is Mechem, Pub. Off., sections 287–289.    The leading case on this subject is U. S. v. Eckford's Ex'rs, 1 How. 250, where the default actually occurred during the first term of a collector, but the bond sued on was given during the second term.    It was contended that the duties of the treasury officers charged with the settlement of these accounts were in their nature judicial, and that when the account is once settled it is conclusive on the government, and could only be opened for

correction by a suit in equity. But the court held: "The amount charged to the collector at the commencement of the term is only prima facie evidence against the sureties. If they can show, by circumstances or otherwise, that the balance charged, in whole or in part, had been misapplied by the collector prior to the new appointment, they are not liable for the sum so misapplied." This was followed in U. S. v. Boyd, 5 How. 50, where it was said that: "Sureties can not be concluded by a fabricated account of their principal with his creditors. They may always inquire into the reality and truth of the transaction existing between them." See, also, Bruce v. U. S., 17 How. 437, and U. S. v. Stone, 106 U. S. 527, 1 Sup. Ct. 287, expressly approving U. S. v. Eckford's Ex'rs.

The testimony offered by the sureties tended to prove the fact that no default occurred in the second term of Salazar as treasurer (State v. Rhoades, 6 Nev. 352), and should have been received in evidence, and the cause should therefore be reversed, and remanded for a new trial.

SMITH, C. J., and COLLIER, HAMILTON, and LAUGHLIN, JJ., concur.