## UNITED STATES v. VAN STEINBERG et al.

(District Court, N. D. Iowa, E. D. December 31, 1896.)

OFFICIAL BOND—LIABILITY OF SURETIES—MISFEASANCE PRIOR TO THE EXECUTION OF THE BOND.

The sureties on a postmaster's bond are not liable for a shortage in his accounts occurring before the bond was given.

Suit on postmaster's bond. Submitted to court, jury being waived.

Cato Sells, U. S. Dist. Atty., and D. W. C. Cram, Asst. U. S. Dist. Atty.

Wm. Graham, for defendants.

SHIRAS, District Judge. From the evidence submitted in this case, it appears that in the year 1892 Benjamin Van Steinberg was the postmaster at the town of Preston, in Jackson county, Iowa, that he was called upon to give an additional or second official bond, and that this bond was furnished in the usual form, with the present defendants as sureties thereon; the said bond taking effect on the 1st day of October, 1892. It further appears that when Van Steinberg ceased to be postmaster, in 1894, there was due from him to the United States, of moneys belonging to the money-order account, the sum of $717.10, to recover which amount this suit was

brought upon the bond, taking effect October 1, 1892. The sureties on the bond claim as a defense that the shortage in the accounts of the postmaster, represented by the balance now sued for, all occurred before the bond by them signed as sureties took effect, and therefore no liability exists against them for such shortage. As evidence on behalf of the United States, there has been introduced a statement of account, certified to by the auditor of the post-office department, showing the amounts received and disbursed or accounted for by Van Steinberg, as postmaster, from the 11th day of July, 1891, to the time he ceased to act as postmaster. According to this account, there was due and owing to the United States from Van Steinberg on the 30th day of September, 1892, the sum of $945.85, and when he ceased to act as postmaster, in 1894, there was due the sum of $717.10. On behalf of defendants there was introduced in evidence four papers signed by the auditor of the post-office department, dated February 19, 1895, containing statements of errors existing in the postmaster's money-order account. These statements were presented to Van Steinberg by direction of the post-office department, and a demand was made on him to pay the amounts thus shown to be due from him: this demand being made by the person who succeeded Van Steinberg as postmaster. The total amount claimed to be due, according to these statements, is the sum of $775.86; and it is clear that, if this amount had been paid by Van Steinberg in response to the demand made on him, it would have freed him and his bondsmen from liability on the account now relied on as the basis of liability in this case. An examination of these statements shows that every error or shortage contained therein occurred before October 1, 1892. For the shortage actually happening before that date, the liability is upon the sureties signing the first bond given by Van Steinberg. In determining whether there is any sum for which the sureties on the second bond are liable, this amount of $775.86 must be eliminated from the account as now stated. As already said, the balance shown to be due on the 30th day of September, 1892, according to the account introduced by the government, is the sum of $945.85, and this balance thus shown to be due on that day includes the errors and shortages existing up to that date, amounting to the sum of $775.86. Deducting that amount, as not chargeable against the sureties on the second bond, it would leave in the hands of the postmaster on the 1st day of October, 1892, when liability on the second bond first accrued, the sum of $169.09. The account introduced by the government shows that since September 30, 1892, Van Steinberg has paid to the government, or accounted for, the amount of $228.79 in excess of the sums received by him since that date. So that it appears that if the shortage occurring before October 1, 1892, is made good, there will be nothing due from Van Steinberg upon his money-order account. Unless, therefore, the sureties on the bond sued on can be held liable for shortages and liabilities occurring before October 1, 1892, there is no ground for holding them liable in this case; and under the rule laid down by the supreme court in U. S. v. Irving, 1 How. 250, and U. S. v. Stone, 106 U. S. 525–529, 1 Sup. Ct. 287, the

sureties on the second bond are liable only for misfeasances occurring after that bond took effect. Judgment must therefore go in favor of the sureties on the bond.